## CHAPMAN v. GREENE et al.

Code Civ. Proc. § 525, providing that no exception to a deposition other than for incompetency or irrelevancy shall be regarded unless made and filed before the commencement of the trial, refers to the incompetency of the evidence and of the witness, and an objection to the deposition of a witness on the ground that the same is incompetent under section 486, subd. 2, prohibiting testimony as to transactions with decedents, may be made orally for the first time on the trial.

An objection to the deposition of a witness and to separate questions therein, on the ground that the same are incompetent under Civ. Code Proc. § 486, subd. 2, prohibiting testimony as to transactions with a decedent, and that the witness is an adverse party to defendant, claiming as an heir, is sufficient to raise the question of the competency of the witness and of the evidence.

The failure of a party to object on the first trial to the admissibility in evidence of a deposition does not bar him from objecting on the second trial, though an objection then made may be alleged as a ground for surprise justifying a continuance.

Where the trial court admitted evidence pro forma, both parties had notice that the court might thereafter strike out part or all of the evidence, and a party not satisfied that any of the evidence should be rejected, must either submit further testimony at the time, or seek a continuance to procure further testimony, otherwise he must be deemed to rely solely on the claim of the competency of the evidence.

Where defendant in claim and delivery claimed possession of a part of the property as heir of her deceased husband, and part as

custodian for a third person, and her rights were adverse to the rights of codefendant, the codefendant was as to defendant's claim of ownership incompetent to testify, under Code Civ. Proc. § 486, to transactions with the deceased husband, but was competent to testify as to defendant's claim as custodian.

Where plaintiff in claim and delivery had no right to the possession as against a third person, the exclusion of testimony as to the rights of the third person was not prejudicial to plaintiff.

A decision of the Supreme Court on a set of facts is binding on the trial court on a subsequent trial, where the same facts are presented, but is not binding where different testimony is presented.

Where the trial court excluded competent evidence in a close case, the court on appeal must presume that the trial court did not in making its findings consider any of the excluded evidence, which if considered might have resulted in different findings, necessitating a new trial.

Code Civ. Proc. § 486, subd. 2, providing that in civil actions neither party, nor any person having an interest in the subject of the action adverse to the other party, shall be permitted to testify as to any transaction with a decedent, must be strictly construed so as not to apply to any person or testimony not clearly within its provisions, and evidence in no manner bearing on any transaction between the witness and a decedent, but relating to facts throwing light on the issue, is improperly excluded.

(Opinion filed, Feb. 23, 1911.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Nellie H. Chapman against Daniel W. Greene and another. From a judgment for defendant S. Josie Hill, and from an order denying a new trial, plaintiff appeals. Reversed.

Buell & Gardner, for appellant. Frank D. Bangs and Charles W. Brown, for respondents.

WHITING, J. This cause is before the court upon an appeal from the judgment of the trial court and order denying a new trial herein. The action is one in claim and delivery, and was tried before the trial court without a jury; such court made and entered findings of fact and conclusions of law herein in favor of defendant Hill, respondent in this court. This cause was before this court upon a former appeal and the opinion of the court is to be found in Chapman v. Greene, 18 S. D. 505, 101 N. W. 351, and reference is made to such opinion for a statement of some of the

evidence that was received upon such former trial. It will be noticed, by reference to such former opinion, that one of the crucial questions herein is whether or not Greene, who was the mortgagor in the mortgages under which plaintiff claimed the right of possession of the property involved, had authority to execute such mortgages; the said trial court having held in the former trial that Greene had no such authority, while upon appeal this court held that, by the preponderance of the evidence, it appeared that he had such authority. Plaintiff seeks possession of said property under, and for the purpose of foreclosing, chattel mortgages given thereon by defendant Greene, the property being in the possession of defendant Hill, who claims to hold part of same as heir of her former husband (who she claims was the sole owner thereof), and to hold remainder thereof as custodian for a party claiming to be owner under foreclosure of a mortgage prior to plaintiff's. Defendant Hill claims that the property was all formerly the sole property of her husband, and that Green never had any interest therein nor any authority to mortgage same.

There are numerous assignments of error upon the present appeal but the same have been grouped by appellant under four propositions. It appears that there was introduced in evidence upon the first trial of this cause, without objection, the deposition of the above-mentioned Greene; it is the testimony of said Greene as given in such deposition that is quoted in the former opinion of this court, and upon which it clearly appears that this court based its decision reversing the lower court and ordering a new trial herein. Just a day or so prior to the commencement of the trial now appealed from, the respondent filed objections in writing to the whole of such deposition, and also separately to many of the different questions therein and moved to strike out the answers to such questions; and, when such deposition was offered upon the trial, these objections and motions were urged and relied upon by respondent. The court, at the trial, when such objections and motions were called to its attention, overruled the same "pro forma," and thereafter and long subsequent to such trial, at about the time the findings of fact and conclusions of law were entered

herein, sustained the objections which had been interposed to many of the separate questions, and struck the answers to such questions from the record. The objections as interposed to the deposition as a whole and also to the separate questions were that the same were "incompetent under section 486 of the Code of Civil Procedure, and particularly under subdivision 2 of that section, this being a civil action against an heir at law or next of kin in which an order may be rendered for or against the defendant S. Josie Hill, and it appearing by the undisputed evidence in this case that the defendant S. Josie Hill is heir at law and next of kin of David Hill, deceased, and that the witness Daniel W. Greene is an opposite and adverse party within the meaning of the statute; that he is an adverse and opposite party to the defendant S. Josie Hill, and is not allowed under the statute, or competent under the statute, to testify against her as to any transaction whatever with or statement by said David Hill, deceased, unless called to testify thereto by the opposite party. Object to the deposition as incompetent under said section 486, as it appears upon the face of the deposition and by the undisputed evidence in the case that the deposition is so incompetent, and that it relates to transactions with and statements by David Hill, deceased." While the objections as interposed to the several questions were not each time set out as fully as above, yet the purport of said objection was clearly the same as above. Appellant says: "The court erred in sustaining the objections filed by respondent to the deposition of Daniel W. Greene, and in making the order sustaining said objections, and in not considering said testimony." Appellant nowhere in her brief contends but that, if taken in correct form and at the proper time, an objection that Greene was incompetent to give certain of his testimony would have been good, providing respondent was being sued as the heir of her husband, and therefore, for the purposes of this appeal, it may be taken as conceded that if respondent was defending as such heir, and had not waived the right to make the objections, or unless she failed in the wording of such objections, the court committed no error in its ruling on a part of his testimony. Appellant contends that, in-

asmuch as this deposition had been read upon the former trial without objection, it was too late to make objection upon the eve of or at the second trial, and she also contends that the objections as made were to the evidence contained in such deposition and not to the competency of the witness. We are fully satisfied that section 525 of the Revised Code of Civil Procedure reading, "No exception other than for incompetency or irrelevancy shall be regarded unless made and filed before the commencement of the trial," refers not only to incompetency of the evidence, but also to incompetency of the witness; that the objections interposed were sufficient to raise the question of the competency of the witness as well as competency of the evidence; that it was unnecessary for respondent to have filed any written objection to such deposition; that she had the right, without such written objections, to object for the first time upon the trial; and that the failure to object upon the first trial in no manner whatsoever barred or estopped respondent from objecting upon the second trial, though it might have been alleged as grounds for surprise justifying a continuance of the cause. Appellant further urges that she was prejudiced by the court's withholding its final decision upon these objections until long after the close of the trial, thus preventing appellant from supplying other evidence upon the issues covered by the evidence struck out or of applying for continuance to obtain further evidence. There is clearly nothing to this contention. When the trial court, upon the trial admitted such deposition "pro forma," it was a notice to both sides that thereafter the court might strike out part or all of such deposition, and if appellant was not satisfied with such evidence as would be left, in case any part of such deposition was stricken out, she should either have submitted further testimony or, at that time, sought a continuance to procure the same providing it could be procured—otherwise, she must be held to rely solely upon her claim of the competency of the witness and the competency of the evidence stricken. Appellant contends that the witness, Greene, was competent because respondent was not sued in a representative capacity, but solely in her individual capacity as the possessor of the property in

controversy, and furthermore, that as to part of the property, she made no claim to being in possession as the heir of her husband, but claimed possession solely as custodian for a third party and that therefore there was reversible error in the court's ruling. There is nothing in this contention. Respondent claimed possession of part of said property as the heir of her husband, and her rights in relation to such property were clearly adverse to the rights and interests of Greene, thus bringing Greene under the provisions of section 486, supra. The rest of the property she claimed as a mere custodian, and stood in no better position than would the party for whom she held the property if he had been a party defendant. As against him such deposition would have been admissible, but, inasmuch as there is no contention but that the rights of such party to the cattle claimed in his behalf were superior to the rights of plaintiff thereto, and that, as against such party, plaintiff had no right to the possession of the property, the exclusion of the testimony of Greene was, as against appellant, error without prejudice so far as it related to the property claimed as custodian. The only question therefore left for determination, under the claim that the trial court erred in striking out some parts of the deposition of Greene, relates solely to whether there was thus stricken any material evidence given by him which he was competent to give under said section 486. Of this we will speak later.

The appellant urges that this court having in its former opinion held that Greene had authority to execute the mortgages in question, this point is res judicata, and binding upon the trial court, and that, therefore, the trial court, in holding, as it did in its findings and conclusions, that Greene had no interest in the property described in the mortgages or right to mortgage same, committed error. Comparison of the abstracts upon this and the former appeal shows that several witnesses were examined at this trial who were not at the former, some of whose testimony is directed to the question of the power and authority of said Greene to execute the mortgage. Furthermore, this court, in holding in its former opinion that Greene was authorized to execute the

mortgage, based such holding largely upon the testimony of Greene as given in such deposition, and this court quoted very fully from the same in such opinion; a large part of such testimony so quoted was stricken from the record upon the second trial under the rulings hereinbefore referred to; therefore, without examining closely to see whether the witnesses who appeared and testified at both trials testified to substantially the same facts, it clearly appears that material testimony was given by new witnesses upon this issue, and very material testimony before the court upon the former trial was eliminated at the second trial. While it certainly is the rule that a decision of this court upon a certain set of facts or construing certain testimony would be binding upon the trial court, if the same facts or the same testimony is presented to it upon a subsequent trial, yet such rule is absolutely not applicable under the record in this case.

The appellant urges that, even disregarding the rule of res judicata, an examination of the evidence upon the second trial shows clearly that the trial court was in error in holding that Green had no authority to execute the mortgages in question,— appellant insisting that such evidence preponderates in favor of the claim of authority on the part of Greene, and that such evidence shows a condition that estops the respondent from now questioning such authority. This brings us to the question of the sufficiency of the evidence to sustain the findings of the trial court. While some of our colleagues are of the opinion that the evidence received and retained by the trial court clearly preponderates in favor of the appellant, we hesitate to overrule the two decisions of the trial court upon that question; it must however be conclusively presumed that the trial court did not, in making its findings, consider any evidence which it had ruled out, and if there was stricken out material evidence from a competent witness, we cannot say that, if such evidence had been considered, the findings would still have been the same, especially as it must be conceded that it is a close question as to whether the findings are sustained by the evidence considered. This brings us to the question as to whether any of Greene's testimony which was stricken out was material and re-

lated to matters concerning which he was competent to testify. It will be noticed that under said section 486 the only matters concerning which Greene was incompetent to testify was, "any transaction whatever with or statement by testator or intestate." This statute should be strictly construed so as not to be held to apply to any person or testimony not clearly within its provisions. Without quoting from the record, we would state that the court struck out considerable evidence that in no manner bore upon any transaction between himself and the deceased, but related to facts which would throw some light upon the giving of the mortgages, for what purpose the mortgages were given and Greene's authority in the premises. This evidence should not have been stricken and if considered by the trial court might well have resulted in different findings and therefore in a different judgment.

The judgment and order denying a new trial are reversed.

McCOY, J. While I concur in the foregoing opinion of my colleague Judge WHITING, still, I am of the opinion that a clear preponderance of the competent evidence is in favor of plaintiff, and that we should direct the lower court to enter judgment in favor of plaintiff upon the competent evidence submitted.

HANEY, J. I concur in the conclusion that the judgment of the circuit court should be reversed and a new trial granted.

CORSON, J., dissenting.