37 P.(2d) 797

**LUJAN, State Comptroller, v. TRIANGLE OIL CO.**

No. 3924.

Supreme Court of New Mexico.

Oct. 29, 1934.

E. M. Grantham and Perkins L. Patton, both of Clovis, for appellant.

James A. Hall, of Clovis, for appellee.

544

BICKLEY, Justice.

Appellant corporation, a distributor of gasoline, refused to pay to the appellee, State Comptroller, excise taxes upon certain quantities of fluid handled and used by the appellant, upon the theory that such fluid was not gasoline and therefore not subject to the tax. Appellee sued and recovered judgment for the amount of the tax alleged to be due and unpaid.

Chapter 60, Comp. St. 1929 (section 60-101 et seq.), levies and imposes an excise tax upon the *use* of all gasoline and motor fuel used in this state for any purpose. That the tax sought to be collected by the appellee from the appellant is an excise tax is not controverted. That the fluid sought to be taxed was *used* in this state is not denied.

The use of the fluid was to mix or blend it with other volatile substances in such a manner that the resultant product would be a fuel suitable for use in tractors. It is not claimed by appellee in support of the judgment that under the facts of this case the resulting blend accomplished by appellant's process is taxable. He plants himself squarely upon the proposition that the "blending naphtha" in controversy which is *used* for producing the blended product is "gasoline" as that substance is defined in section 60-201, Comp. St. 1929, and therefore subject to the tax. The definition is as follows: "The term 'gasoline' means (a) the volatile substance produced from petroleum, natural gas, oil shales or coal, heretofore sold under the name of gasoline; (b) any volatile substance of not less than 46 degrees Tagliaubes (Tagliabue)

Baume test derived wholly or in part from petroleum, natural gas, oil shales, or coal; (c) any volatile substance of not less than 46 degrees Tagliaubes (Tagliabue) Baume test sold or used for generating power in internal combustion engines; Provided, however, that the term 'gasoline' as defined herein shall not be construed to include any petroleum, natural gas, oil shale or coal derivative which must be further refined or processed before it can be used in internal combustion engines."

The trial court made the following finding of fact: "That between May 14th, 1931, and June 16, 1931, defendant was a regularly licensed distributor of gasoline, and received and used during said period, nine car-loads of naphtha upon which no report was made to plaintiff, and that defendant did wholly fail and refuse to pay the excise tax due the State of New Mexico on said nine cars of naphtha containing 72,384 gallons. That said nine cars of naphtha tested in excess of 46 degrees, Tagliaubes Baume Test." This finding brings the fluid within the statutory definition of gasoline, and supports a prima facie case made out by appellee.

Appellant attacks this finding as not being supported by substantial evidence. While the evidence is conflicting, we believe the evidence offered by plaintiff (appellee) is sufficient, if believed by the court, as it apparently was, to support the finding. The court also made, upon the request of appellant, the following finding of fact: "That the Blending Naphtha so received by the defendant is not shown by the evidence to have been practically and commerciably usable in internal com-

bustion engines without being further refined or processed." This finding perhaps brings such fluid within the proviso eliminating it from the definition of gasoline.

Appellee contends that this finding, negative in character, does not destroy the prima facie case made by the state because it was inadvertently made, and is not sustained by any substantial evidence. We find no evidence to support it.

█ The state proved, and the court found (Tr. p. 9): "That said nine cars of naphtha tested in excess of 46 degrees, Tagliaubes Baume Test." No more was required of the state. If the defendant claimed and believed that the naphtha was exempt from taxation because it was a petroleum derivative which must be further refined or processed before it can be used in internal combustion engines, then the burden was upon him to prove it. Had he proved it and had the court found "that the naphtha is shown by the evidence to not be practically and commercially usable in internal combustion engines without further being refined or processed," we might reach a different conclusion.

In 59 C. J. § 639, at p. 1089, we find: "A proviso which follows and restricts an enacting clause general in its scope should be strictly construed, so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso, and *the burden of proof is on one claiming the benefit of the proviso.*"

█ We think the burden is on the state to affirmatively show that the "gasoline" which

is to be taxed comes within the statutory definition of either (a), (b), or (c).

Any one claiming the benefit of the proviso or exemption must clearly and unmistakably establish his right to its benefits. The rule is.. well expressed in the case of United States v. Dickson, 15 Pet. (40 U. S.) 141, 165, 10 L. Ed. 689, in the following language: "We are led to the general rule of law which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause; and those who set up any such exception, must establish it as being within the words as well as within the reason thereof."

, In the case of Thomas E. Basham Co. v. Lucas (D. C.) 21 F.(2d) 550, 551, we find: "This principle is universal in its application. It is true that the Supreme Court has repeatedly held that taxing statutes, whether general or special, in case of ambiguity or doubt, are construed strictly in favor of the citizen, but the cases which have laid down that rule were dealing with the question of whether or not the citizen was embraced within the enacting clause and general objects of the law, and not with the question of whether a citizen who would otherwise come within the language of the enacting clause was excepted therefrom by reason of a proviso or an exemption introduced into the act.

On the contrary, the Supreme Court has repeatedly held that a taxpayer embraced within the general language of the enacting clause, and within the general objects of a taxing statute, cannot escape taxation by ⋅claiming the benefits of a proviso or an exemption contained in the statute, unless he plainly and unmistakably establishes his right thereto. See Tucker v. Ferguson, 22 Wall. 527, 22 L. Ed. 805; New Orleans City & Lake R. Co. v. New Orleans, 143 U. S. 192, 12 S. Ct. 406, 36 L. Ed. 121; Bank of Commerce v. Tennessee, 161 U. S. 134, 16 S. Ct. 456, 40 L. Ed. 645; Chicago Theological Seminary v. Illinois, 188 U. S. 662, 23 S. Ct. 386, 47 L. Ed. 641. See, also, Commercial Health & Accident Co. v. Pickering (D. C.) 281 F. 539; Hubbard-Ragsdale Co. v. Dean (D. C.) 15 F. (2d) 410."

The reason of the rule is as applicable to a statute imposing a "use" tax, which contains a proviso, as it would be to any other tax statute.

█ Now in this case we have a product to be taxed, naphtha, which is fairly embraced within the definition of gasoline as contemplated by definition (b) of the act. The defendant seeks to be excepted therefrom and to be treated as coming within the proviso by virtue of the claim that it requires additional refining. As we conceive the law to be, before the defendant can secure the exemption under that proviso, it must clearly and unmistakably establish its right to such exemption. This the defendant failed to do.

Before the defendant is entitled to the benefit of the proviso, it must establish beyond substantial doubt that the naphtha must be further refined or processed before it can be used in internal combustion engines. This it failed to do, and failure to clearly and satisfactorily establish this is fatal to the claim of exemption by virtue of the proviso.

█ Counsel for appellant also urges that under the present Constitution, the Legislature was without power to levy and impose an excise tax. His argument runs thus: The original article 8, § 2, provided: "The legislature shall have power to provide for the levy and collection of license, franchise, excise, income, collateral and direct inheritance, legacy and succession taxes; also graduated income taxes, graduated collateral and direct inheritance taxes, graduated legacy and succession taxes, and other specific taxes, including taxes upon the production and output of mines, oil lands and forests; but no double taxation shall be permitted."

The 1913 Legislature, by Joint Resolution No. 10, proposed an amendment of article 8 which was in the main a rewriting of said article. The amendment proposed was adopted at the election held November 3, 1914. The amendment omits to provide for the levy and imposition of excise taxes, and by rules of construction it is thus manifested, so argues appellant, that the power reposed in the Legislature by the provisions of the original section 2 of article 8, heretofore quoted, was withdrawn by virtue of its omission from the amendment.

By the same process of reasoning, the state would be without power to levy and impose licenses, "franchise, * * * income, col-

lateral and direct inheritance, legacy and succession taxes," and to raise revenue by other schemes of taxation mentioned in the foregoing old section 2 quoted. The power to raise revenue by one or another of these schemes of taxation has been asserted and acted upon during the years intervening since the amendment many times, and we think this exposition of the Constitution, deliberately established by legislative acts, upon which the state in a great measure depends, ought not to be lightly disregarded. See McCulloch v. State of Maryland et al., 4 Wheat. 316, 4 L. Ed. 579. But if we should find that there had been a bold and daring usurpation of power by the Legislature, it would be our duty to declare it so. We think, however, the flaw in counsel's argument is his assumption that the Legislature derived its power to levy and impose taxes from the constitutional provision he relies upon.

While the language of section 2 of article 8 of the Constitution as originally written and adopted, heretofore quoted, is in form a grant of power to the Legislature, it must be regarded as either confirmatory of the power which necessarily inheres in the Legislature of a free state, or as a limitation upon power. In Cooley on Taxation (4th Ed.) § 57, it is said: "The power of taxation is an essential and inherent attribute of sovereignty, belonging as a matter of right to every independent government. It is possessed by the government without being expressly conferred by the people. The power is inherent in the people because the sustenance of the government requires contributions from them. In fact the power of taxation may be defined as 'the power inherent in the sovereign state to recover a contribution of money or other property, in accordance with some reasonable rule or apportionment, from the property or occupations within its jurisdiction for the purpose of defraying the public expenses.' Constitutional provisions relating to the power of taxation do not operate as grants of the power of taxation to the government but instead merely constitute limitations upon a power which would otherwise be practically without limit."

In Flynn, Welch & Yates v. State Tax Commission, 38 N. M. 131, 28 P.(2d) 889, 891, we quoted with approval from two pertinent decisions of this court, as follows:

" 'The power of taxation is inherent in the state, and may generally be exercised through its Legislature without let or hindrance, except in so far as limited by the Constitution. * * *' Asplund v. Alarid, 29 N. M. 129, 219 P. 786, 789.

" 'Given a reasonable classification of subjects, the power of the Legislature to lay an excise tax is almost unlimited. * * *' George E. Breece Lbr. Co. v. Mirabal, 34 N. M. 643, 287 P. 699, 701, 84 A. L. R. 827."

The proposition of appellant that the Legislature has no power to levy an excise tax is without merit.

The judgment is affirmed and the cause remanded, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.