McKAY, Respondent, v. BRINK, Appellant.

(275 N. W. 72)

(File No. 8000.   Opinion filed September 24, 1937)

*J. M. Armstrong*, of Belle Fourche, for Appellant.
*Dan McCutcheon*, of Belle Fourche, for Respondent.

ROBERTS, J.   This is an action on a check for $463.68, dated October 27, 1931, and payable to William M. Fieldsend. On trial of the issues the court made findings and conclusions of law in favor of the plaintiff.   From the judgment and order denying motion for new trial defendant has appealed.

William M. Fieldsend, to whom the check was made payable, died testate, and plaintiff, as the executrix of his estate, brought this action to recover the balance due upon the check. It is alleged in the complaint that at the time of the execution and delivery of the check the defendant requested the payee to hold the check for a time for the reason that he did not have sufficient funds in the bank for the payment of the check and other checks which he had written and were then outstanding; and that for this reason the check was not presented for payment before the drawee bank became insolvent and was placed in charge of the receiver for purposes of liquidation.

The answer of the defendant contains a general denial and an affirmative defense that the payee failed and neglected to present the check to the bank on which it was drawn for payment within a reasonable time; that the defendant at the time of issuing the check and at all times thereafter until the suspension of the bank had sufficient funds on deposit to pay the same; and that by reason of such neglect defendant has sustained a loss.

Plaintiff was a witness in her own behalf and testified over objection that she had negotiations with the defendant in October, 1931; that she computed the amount due from the defendant for hay purchased by him from her father, wrote out the check and presented it to the defendant for his signature; and that defendant

signed and delivered the check to the plaintiff. She also testified: "His statement was just general to us both, his statement was just a general one, Mr. Brink's, and he asked that we hold it for several days because he was giving checks for a tractor I believe he told us, and he said he had taxes due and he didn't have money enough, and he was going to borrow some money from a Mrs. Tom Rollins." Defendant claims that under section 2717, Rev. Code 1919, plaintiff was not competent to testify as to a transaction had by defendant with the deceased. The language of the statute so far as material to the present action is as follows: "No person offered as a witness * * * shall be excluded or excused by reason of such person's interest in the event of the action of special proceeding; or because such person is a party thereto; * * * except as herein after provided: * * * 2. In civil actions, or proceedings by or against executions, administrators, heirs at law or next of kin in which judgment may be rendered or order entered for or against them, neither party nor his assignor nor any person who has or ever had any interest in the subject of the action adverse to the other party, or to his testator or intestate, shall be allowed to testify against such other party as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party. But if the testimony of a party to the action or proceeding has been taken and he shall afterwards die and after his death the testimony so taken shall be used upon any trial or hearing on behalf of his executors, administrators, heirs at law or next of kin, then the other party shall be a competent witness as to any and all matters to which the testimony so taken relates."

The general policy as disclosed by this statute is to remove the common-law disqualification of parties in interest to testify. In re Golder's Estate, 37 S. D. 397, 158 N. W. 734, 735. In practically all jurisdictions corresponding statutes have been enacted removing the common-law disability, but these statutes generally contain an exception preventing parties to an action brought by or against the estate of a deceased person from testifying as to transactions and communications with a decedent. It is intended by such exception that a surviving participant to a conversation or transaction shall not secure an undue advantage in prov-

ing what took place. These statutes rendering incompetent testimony as to such transactions and communications have proved difficult of application and have been the subject of much severe criticism. Jones on Evidence (2d Ed.) § 2225; 35 Harv. Law Rev. 673; 38 Harv. Law Rev. 697. The Supreme Court of North Dakota in St. John v. Lofland, 5 N. D. 140, 64 N. W. 930, 931, made this comment: "Statutes which exclude testimony of this ground are of doubtful expediency. There are more honest claims defeated by them by destroying the evidence to prove such claim than there would be fictitious claims established if all such enactments were swept away and all persons rendered competent witnesses. To assume that in that event many false claims would be established by perjury is to place an extremely low estimate on human nature, and a very high estimate on human ingenuity and adroitness. He who possesses no evidence to prove his case save that which such a statute declares incompetent is remediless. But those against whom a dishonest demand is made are not left utterly unprotected because death has sealed the lips of the only person who can contradict the survivor, who supports his claim with his oath. In the legal armory, there is a weapon whose repeated thrusts he will find it difficult, and in many cases impossible, to parry if his testimony is a tissue of falsehoods—the sword of cross-examination." Some states have attempted a solution by allowing no recovery in such cases without some corroboration and in others by permitting the surviving party, within the discretion of the court, to testify. Wigmore on Evidence, § 578. The Legislature has declared who may and who may not testify and admitting that there is a basis for the criticism of this statutory provision, it must, nevertheless, be given a fair construction. The statutory provisions under consideration are in the form of a proviso. Hence it has been the holding that the proviso must be strictly construed so as not to be held to apply to any person or testimony not clearly within its provisions. Witte v. Koeppen, 11 S. D. 598, 79 N. W. 831, 74 Am. St. Rep. 826; Chapman v. Greene. 27 S. D. 178, 130 N. W. 30; Hanson v. Fiesler, 49 S. D. 442, 207 N. W. 449. This follows the general rule of law that a proviso should be strictly construed so as to take out of the enacting clause only those terms which are fairly within the proviso and does not result from a disagreement with the policy of the statute.

It is the claim of the defendant that the fact that deceased was present during the negotiations between defendant and plaintiff, acting as the agent of the deceased, does not render the evidence of the surviving parties to the transaction incompetent. It was stated in Guillaume v. Flannery, 21 S. D. 1, 108 N. W. 255, that the statute in question did not render a party incompetent to testify concerning any communications he may have had with persons representing the deceased. This view is in harmony with the decisions in other jurisdictions construing similar statutes. 28 R. C. L. 501; annotation in 7 L. R. A. (N.S.) 684. It does not appear that deceased said anything during the conversation with reference to the withholding of the check. It does appear, however, that defendant directed his request to both the deceased and the plaintiff. Deceased was at least to that extent a participant in the transaction. The mere fact that one transacts business for another does not necessarily give rise to the relationship of principal and agent. But, without determining whether plaintiff was an agent of the deceased, we are of the view that plaintiff's speaking and acting for the deceased, who assented to what was said and done, was substantially the same as if he had acted personally. In Hanson v. Fiesler, supra, this court construed the phrase "any transaction whatever" used in the statute under consideration as the practical equivalent of the phrase "personal transaction." Plaintiff was not competent under the statute to testify as to the transaction and, there not being sufficient competent evidence to sustain the findings of the court, the admission of her testimony constitutes reversible error.

The judgment and order appealed from are reversed.

All the Judges concur.