Elmore H. Stafford et al., Appellees, v. Carl J. L. Wessel, Appellant.

Gen. No. 9,916.

Heard in this court at the October term, 1943. Opinion filed December 28, 1943. Rehearing denied January 31, 1944.

LEO J. HERBERT, of Rock Island, for appellant.

STAFFORD & SCHOEDE and EDWARD C. SCHOEDE, all of Rock Island, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an action in mandamus by appellees as trustees of the police pension fund for the city of Rock Island, against appellant in his official capacity as city treasurer of said city, to compel appellant as such

city treasurer to place to the credit of the police pension fund certain money in his hands arising from sources enumerated in sec. 892, ch. 24, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 100.257]. The trial court awarded the writ and the defendant; city treasurer, brings this appeal.

The petition was filed pursuant to provisions of the Police Pension Fund Act. It is charged that for the fiscal year of the city ending March 31, 1942, appellant had in his hands the sum of $8,450.40, which arose from the sources designated by said sec. 892 of the act. The petition charged that pursuant to said act, it was the duty of appellant to place to the credit of appellee board the full sum of $8,450.40, and that his act in placing to the credit of such board for said year the sum of $5,000, was not in compliance with the terms of the statute, and although demand had been made upon him by appellee board to place to its credit the balance of $3,450.40, appellant had refused so to do.

Appellant denied it became his duty by virtue of the act to place more than $5,000, to the credit of appellee board out of funds arising from the sources specified therein, for the year in question. It is the position of appellant that pursuant to the proviso of subsection 9 of sec. 892, a maximum of $5,000, was provided for, and that this was the limit appellee board was entitled to have placed to its credit for any one year. It is the position of appellees that the proviso is not controlling, and appellant under the act is charged with the duty of placing to the credit of such board for the benefit of the police pension fund, all of the money coming into his hands from the sources designated.

It appears by subsection 9 that if the aggregate amount accruing to the credit of the police pension fund shall exceed $5,000, in any one year, from all the sources specified in the act, such aggregate sum shall be reduced to the designated total of $5,000. This

situation arises by the proviso contained in said subsection 9. The disposition of this case rests with the consideration of this proviso in relation to the enactment to which it relates.

It was the conclusion of Lord Coke that no real distinction existed between a saving clause and a proviso. He considered each of them something engrafted on a preceding enactment. And today, it is generally considered that each is a limitation or exception to a grant made or authority conferred. The office of each is to except some particular case or situation from a general principle or enactment. Their effect is to qualify, restrain, or otherwise modify the general language and enacting clause.

The purpose and function of a proviso are those of limiting the language of the enactment, and its effect is to restrict the general language used, to the prescribed and defined limits. Its effect upon the limitation or exception to a statute is general in application, and its purpose is simply to qualify the language of the enactment in the manner indicated. The sound interpretation and meaning of a statute which contains a proviso, are that the enactment and the proviso shall be taken and construed together. Thus it is clear that its effect must reach and control the construction of the general language of the enactment, so far as the applicability of the proviso extends. Since its office and function are to restrict the general language used, it is to be limited to the objects fairly within its terms and should be considered in relation to the enactment to which it relates in such a manner as to give effect to the legislative intent.

If it be assumed the sum of $5,000, had no pertinent connection with the amount intended to go into the pension fund each year, there would have been no object in the legislature inserting such figure in the act. Had the legislature not intended to fix a sum to be paid into the fund, there would have been no object

in its inserting any figure in the act, or in adding the proviso.

It is our conclusion that it was the intent of the legislature to limit the amount to be paid into the police pension fund to a yearly maximum of $5,000, and that such is the effect of the proviso in subsection 9. We find no repugnancy existing between the principal object of the act and the proviso, to destroy its validity. This intent is further evidenced by the amended act of 1943 (sec. 892, subsec. 9, ch. 24, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 100.257]), which subsection 9 provides that the aggregate amount contributed to the police pension fund in any year may by ordinance of the common council be limited to $5,000. We thus see that the legislature in the amended act now in force, carried forward the same figure used by the former act.

In view of the foregoing, the judgment of the trial court is reversed.

*Judgment reversed.*