306 P.2d 259

STATE of New Mexico ex rel. Lawrence D. WILSON, Chairman, Public Employees' Retirement Board, Petitioner-Appellee,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF QUAY, New Mexico, Respondent-Appellant.

No. 6124.

Supreme Court of New Mexico.

Jan. 16, 1957

Victor C. Breen, Dist. Atty., Tucumcari, for appellant.

Richard H. Robinson, Atty. Gen., Hilario Rubio, Paul L. Billhymer, Asst. Attys. Gen., for appellee.

KIKER, Justice.

This action was brought to secure a peremptory writ of mandamus to compel the Board of County Commissioners of Quay County to pay a sum of money to the Public Employees' Retirement Board. The alleged default of the board was in not paying to the petitioner various sums of money, making up the sum prayed, alleged to be due under the provisions of the Public Employees' Retirement Act of 1947.

The legislature, in creating the Public Employees' Retirement Association, provided for the payment of certain monies from time to time into a fund to be administered by the petitioner for the benefit

of public employees to be retired. The Act required all conservancy districts, counties, and other municipalities in the state, except towns having less than 2,000 population, to make such payments on behalf of their eligible employees; but there was a proviso that any of such municipalities might, by its own action, exempt itself from the requirement otherwise placed upon it.

In order to have the exemption, all that was necessary was for the governing authority of the municipality, in this case the Board of County Commissioners, to adopt a resolution or ordinance so exempting the municipality before September 1, 1949, and to send to the retirement board a certified copy of the resolution or ordinance within ten days after the adoption thereof. § 2(3), Ch. 167, Laws 1947.

The language used in the statute is as follows:

"Method of exemption by cities, counties, and municipalities. Any municipality, city, or county, in the State of New Mexico, may, by appropriate action of the city council, board of trustees, board of county commissioners, or other governing body thereof, as the case may be, exempt said municipality, city, or county, from the purview of this Act, provided such action in the form of a resolution or ordinance, duly adopted, is taken before September 1, 1949, and notice thereof to the said Retirement Board in the form of a certified copy of said resolution or ordinance is transmitted within ten days thereafter; * * *."

The Public Employees' Retirement Act was approved March 20, 1947. It provided, in its Section 22, that the act would take effect upon its passage and approval, so that the act was in full force and effect from and after the said date of approval. The County Commissioners, therefore, had a little more than one year and five months in which to comply with the requirements of the act. This the board failed to do; but on the 6th day of September, 1949, the Board of County Commissioners did pass a resolution by which they attempted to exempt the County of Quay from the requirements of the act. The copy of the resolution was forwarded to the retirement board and reached that body on September 13, 1949.

It will be observed from a consideration of the act that the portion quoted above is a subparagraph of the enacting clause creating the liability upon municipalities, and that the time within which a municipality may exempt itself from the effect of the act is stated within a proviso to that which is necessary to be done to secure an exemption. The proviso requires positively that action be taken by a municipality desiring the exemption on or before September 1, 1949.

The retirement board, holding the language providing the time within which the municipality must act was mandatory, declined to hold Quay County exempt from the requirements of the act.

The district court having issued the peremptory writ, this appeal was taken. The petitioner, retirement board, contends that, by operation of law, the failure of the Board of County Commissioners of Quay County to pass the resolution in proper time made the County of Quay a contributing member of the Association. The Board of County Commissioners, respondent-appellant, takes the position that all the statute required of it was substantial compliance with the terms of the proviso set out above.

We think the contention of the retirement board is correct. In Lujan v. Triangle Oil Co., 38 N.M. 543, 37 P.2d 797, 798, the oil company failed to pay gasoline excise taxes upon certain fluid handled by it. The refusal was based upon the claim that the fluid was not gasoline and therefore not subject to gasoline taxes. The term gasoline was defined by statute, and the portion of that statute material to the Triangle Oil case reads:

"* * * (b) any volatile substance of not less than 46 degrees Tagliaubes (Tagliabue) Baume test derived wholly or in part from petroleum, natural gas, oil shales, or coal; (c) any volatile substance of not less than 46 degrees Tagliaubes (Tagliabue) Baume test sold or used for generating power in internal combustion engines; Provided, however, that the term 'gasoline' as defined herein shall not be construed to include any petroleum, natural gas, oil shale or coal derivative which must be further refined or processed before it can be used in internal combustion engines." Comp.St.1929, § 60–201.

The trial court found that the oil company had received and used, in its business as a distributor of gasoline, within about a month, nine carloads of naphtha, and that the naphtha "tested in excess of 46 degrees, Tagliaubes Baume Test." Thus, the court found, the fluid met the statutory definition of gasoline and was subject to tax. The oil company claimed that the naphtha had to be "further refined or processed", as stated in the proviso, before it could be used in internal combustion engines, in that it was merely one component of a tractor fuel.

This court, speaking of the proviso under which defendant claimed an exemption, said:

"Any one claiming the benefit of the proviso or exemption must clearly and unmistakably establish his right to its benefits. The rule is well expressed in the case of United States v. Dickson, 15 Pet. 141, 165, 40 U.S. 141, 165,

10 L.Ed. 689, in the following language: 'We are led to the general rule of law which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause; and those who set up any such exception, must establish it as being within the words as well as within the reason thereof.'"

█ █ The rule is general in its application and not restricted to taxing statutes. Detroit Edison Co. v. Securities Exchange Commission, 6 Cir., 119 F.2d 730, certiorari denied 314 U.S. 618, 62 S.Ct. 105, 86 L.Ed. 497; Stafford v. Wessel, 321 Ill. App. 183, 52 N.E.2d 605; State v. Bauer, 236 Iowa 1020, 20 N.W.2d 431; Emporia Tp. in Lyon County v. Williams, 149 Kan. 860, 89 P.2d 919; McKay v. Brink, 65 S.D. 472, 275 N.W. 72; 82 C.J.S., Statutes, § 381, p. 886.

For its second point respondent board of commissioners states that petitioner has an adequate remedy at law.

In the discussion of this proposition, there is no suggestion whatever as to what remedy at law may be available. The discussion is in an attempt to establish the position that mandamus is not a proper remedy. For a third point, however, the contention is that mandamus will not lie in this particular action, or in any action, where the payment of funds not within the custody of respondent is sought.

█ We have no means of knowing whether the county had funds with which to pay the retirement board, without searching the record for ourselves. There is not a single reference in the brief of respondent to any testimony in the record, though both the county and the retirement board called witnesses. This court has repeatedly said that it will not search the record to find error upon which the trial court may be reversed. Cross v. Ritch, 61 N.M. 175, 297 P.2d 319, and cases cited therein.

█ Respondent contends, without making citations to the transcript of evidence, that there was no money with which to pay. Petitioner says that there is no evidence to support this contention, and suggests that the writ might be satisfied, as to monies which should have been paid, from the county general fund. This may be true; we do not know. The trial judge must have had some testimony upon which he thought he could rely, or he would not have issued the peremptory writ.

The parties are in agreement that Quay County failed to make payment to the retirement board during a part of the time since it became obligated so to do but, that during part of the time, it made payments in such amount as would properly be payable on account of the salaries of certain of its employees, though it failed to pay the full amount of its obligations during that time. It is not entirely clear, but it seems that the county also made, during a part of the time, payments in full amount. However this may be, the findings of the trial court indicate that all of this has been taken into consideration, and that a calculation has been made of the exact amount owing by the county to the retirement board through March 31, 1955. Respondent has failed to point to anything in the record making this finding improper.

For the amount stated in its finding the court issued its peremptory writ. This writ requires that the County of Quay pay to the State Treasurer for credit to the retirement fund the sum ascertained as owing through that time; and the peremptory writ further requires the Board of County Commissioners of Quay County shall, from and after the date of the writ, January 23, 1956, include as an item of the regular budget of the County of Quay a sum to cover the cost of said county's contribution as a public contributor to the

public employees' retirement fund for the employees of the county covered by the act.

■ It is insisted by respondent that mandamus is not the proper remedy to compel the payment required by the peremptory writ. The office of the writ of mandamus is to compel the performance by a public official or body of a clear, plain duty. State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242; State ex rel. Shelton v. Board of Commissioners of Bernalillo County, 49 N.M. 218, 161 P.2d 212. The writ is the appropriate remedy.

■ The final contention made by respondent is that the act known in this state as the Bateman Act, 1953 Comp. §§ 11-6-6 to 11-6-12, should be a bar to this action.

The Bateman Act provides that no municipality shall become indebted or contract any debt of any kind or nature whatever which, at the end of the current year, is not and cannot be paid out of money actually collected and belonging to that current year.

The answer to this contention is that the Bateman Act has no applicability to debts which are due the State of New Mexico. State v. Board of County Commissioners of Colfax County, 33 N.M. 340, 267 P. 72.

Respondent has not shown the commission of any error by the trial court. The issuance of the writ should be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.