Willis SMITH, Petitioner,

v.

The STATE of Oklahoma, the District Court of Mayes County, Oklahoma, John Q. Adams, District Judge of Mayes County, Oklahoma, and Thomas Landrum, County Attorney of Mayes County, Oklahoma.

No. A–13335.

Court of Criminal Appeals of Oklahoma.

May 8, 1963.

Douglas McKeever, Enid, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., Thomas Landrum, County Atty., Mayes County, Okl., for respondents.

BUSSEY, Presiding Judge.

The petitioner, Willis Smith, was indicted by the Mayes County Grand Jury on the 5th day of October, 1962. A preliminary hearing was conducted at the request of defendant. Thereafter, a Motion to Quash said indictment was filed in the District Court of Mayes County, and the testimony taken at preliminary hearing was introduced in support of said Motion to Quash. On the 9th day of January, 1963, petitioner filed in this Court an Application for Writ of Prohibition, seeking an order of the Court prohibiting the Honorable John Q. Adams from further proceedings in District Court Case #9119.

Two questions are presented to this Court; the first being whether the Court of Criminal Appeals will assume jurisdiction to issue a Writ of Prohibition, when on the face of the indictment, or information, it appears that there is a substantial question as to whether prosecution is barred by the statutes of limitation.

■ In Bennett v. District Court of Tulsa County et al., 81 Okl.Cr. 351, 162 P.2d 561, this Court stated:

"When it appears to the court having jurisdiction to issue the writ of prohibition that the lower court, under any conditions, is without jurisdiction to try the accused upon the indictment or information filed, with all amendments permitted under the law considered as made, to require one to invoke the remedy of appeal occasioning delay and necessitating an appeal bond, or resulting in his being confined in jail pending the determination of his appeal, when the same conclusion as to the lower court being without jurisdiction will be reached, would cause an unnecessary and unreasonable hardship upon the accused, the writ of prohibition will be granted to relieve this hardship."

■ Under the authority of the Bennett Case, supra, we are of the opinion that the Application for Writ of Prohibition is properly before us, and we must, of necessity, consider whether the prosecution of this charge is barred by the statutes of limitation.

The material part of the indictment returned by the Grand Jury of Mayes County Provides:

[that] "* * * George A. Watkins and one Bill Smith (the petitioner Willis Smith, herein) did, in the County of Mayes, State of Oklahoma, on the first day of September, 1953 * * feloniously commit the crime of 'Conspiracy to Defraud the County of Mayes, State of Oklahoma' * * *".

Placing a construction of the indictment, as above set forth, most favorable to the State, it is clear that more than three years had elapsed from the time of the alleged

conspiracy until the indictment was returned by the Grand Jury.

It is apparently the position of the County Attorney of Mayes County that a conspiracy to defraud Mayes County is a conspiracy to defraud the State of Oklahoma, and that under the provisions of Title 22 O.S.A. § 152, the seven year statute of limitation should apply. It is the position of the petitioner that conspiracy to defraud Mayes County is not a conspiracy to defraud the state, and that this being true, the action is barred by the statutes of limitation of three years.

The State does not assert that the statutes of limitation was tolled by the defendant Smith absenteeing himself from the jurisdiction. We must therefore consider Title 22 O.S.A. § 152 as applied to the indictment, supra. Title 22 O.S.A. § 152 provides:

"[p]rosecutions for the crimes of bribery, embezzlement of public money, bonds, securities, assets or property of the State or any county, school district, municipality or other subdivision thereof, or of any misappropriation of public money, bonds, securities, assets or property of the State, or any county, school district, municipality, or other subdivision thereof, falsification of public records of the State, or any county, school district, municipality or other subdivision thereof, and conspiracy to defraud the State of Oklahoma in any manner or for any purpose, shall be commenced within seven (7) years after the discovery of the crime.

"In all other cases a prosecution for a public offense must be commenced within three (3) years after its commission."

From even the most cursory examination of the statute above set forth, it is abundantly clear that the legislature intended to extend the statutes of limitation from three to seven years after the discovery of the commission of the crime in the following cases:

1. Bribery.
2. Embezzlement of public funds or property.
3. Misappropriation of public funds or property.
4. Falsification of public records.
5. Conspiracy to defraud the State of Oklahoma.

We must therefore determine whether conspiracy to embezzle property of a county is a conspiracy to defraud the state.

 The county of Mayes like the city of Oklahoma City is a political subdivision of the State of Oklahoma. As a political subdivision each may acquire property and maintain control or dispose of it in the manner provided by law. The bonded indebtedness of each is limited by statute and neither may pledge the credit of the State. The property of the city or county is not property of the State of Oklahoma. We believe it is obvious that conspiracy to defraud a city or county of money or property is not a conspiracy to defraud the State of Oklahoma; and, we are therefore of the opinion, that an action cannot be instituted for conspiracy to defraud a county or political subdivision of the state more than three years "after its commission".

 Moreover, we observe that the legislature explicitly extended the statutes of limitation to seven years from the time of discovery of the commission of the crime of Bribery, Embezzlement of public funds or property, Misappropriation of public funds or property, falsification of public records, when said crimes were committed against the state or any political subdivision thereof. Had the legislature intended to extend the statutes of limitation in cases where conspiracy to defraud a county or other political subdivision, they would have explicitly incorporated the same. Their failure so to do is a clear indication that it was the legislative intent that prosecution for conspiracy to defraud a county, city, school district, etc., should be commenced within three years "after its commission".

It affirmatively appearing that more than three years had expired since the conspiracy was allegedly committed, we are of the further opinion that this prosecution

is barred by the statutes of limitation, and the Writ prayed for, should be and the same is hereby, issued. The District Judge of Mayes County is hereby ordered and directed to refrain from any further proceedings in Case #9119.

Writ granted.

NIX and JOHNSON, JJ., concur.