A. Willard CUNNINGHAM and R. D.
Cunningham, Petitioners,

v.

The DISTRICT COURT OF TULSA COUN-
TY, Oklahoma and Robert D. Simms,
Judge thereof, Respondents.

No. A–13375.

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1965.

Rehearing Denied Feb. 17, 1965.

James A. Rinehart, El Reno, Roehm A. West, Jr., Tulsa, for petitioners.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., David Hall, County Atty., and Ted Flanagan, Asst. Co. Atty., Tulsa County, Tulsa, for respondent.

JOHNSON, Presiding Judge.

This is an original proceeding by the petitioners for a writ of prohibition. Several indictments were returned against the petitioners by a grand jury for Tulsa County, and after the filing of these indictments in the district court of Tulsa County, the petitioners filed their separate special appearances and verified motions to quash and set aside the indictments, setting forth eleven grounds in support of said motion. Testimony was taken in support thereof. The court overruled the motions to quash. Petitioners further requested and were granted preliminary hearings in the Court of Common Pleas of Tulsa County on these same indictments. The petitioners were bound over to District Court for trial on each of the indictments, and subsequent to this, the county attorney of Tulsa County filed informations against these petitioners charging substantially the same crimes covered in the indictments.

For the purpose of clarity we will consider the conspiracy indictment separately. This indictment, No. 19801, charged A. Willard Cunningham, R. D. Cunningham, R. H. Bewley and Eldon Boyer with conspiring to defraud the State of Oklahoma. The State later attempts to substitute an information, No. 19896, for this indictment, which charges A. Willard Cunningham, R. D. Cunningham and R. H. Bewley with the crime of conspiracy to defraud the State of Oklahoma (independent school district No. 1, of Tulsa County, a subdivision of the State of Oklahoma).

The State in this indictment and information alleged that the conspiracy was committed in Tulsa County, Oklahoma, on the 6th day of January, 1959, by the overt act of one of the defendants transferring title to school property, and further alleged that this was a continuing conspiracy. They stated in the information that this was an attempt to defraud the Independent School District No. 1 of Tulsa County, "A subdivision of the State of Oklahoma." This is an attempt, as we see it, to bring this case under the seven year section of the statute. 22 O.S.A. § 152 provides:

"In all other cases a prosecution for a public offense must be commenced within three (3) years after its commission."

However, this Court has very recently considered this precise point in the case of Smith v. State, Okl.Cr., 381 P.2d 900. In that case, my learned colleague, Judge Bussey, stated:

"We believe it is obvious that conspiracy to defraud a city or county of money or property is not a conspiracy to defraud the state of Oklahoma; and, we are therefore of the opinion, that an action cannot be instituted for con-

spiracy to defraud a county or political subdivision of the state more than three years 'after its commission' ".

And further commenting on the failure ·of the Legislature to designate political subdivisions as to the extended statute, by saying:

"Their failure so to do is a clear in-·dication that it was the legislature's in-tent that prosecution for conspiring ·to defraud a county, city, school dis-·trict, etc., should be commenced within ·three years 'after its commission' ".

The petitioners A. Willard Cunningham ;and R. D. Cunningham were then charged by three other indictments as follows: In-·dictment No. 19802 charged A. Willard Cunningham with embezzlement by em-·ployce. A preliminary hearing was held ·at his request and he was bound over to ·district court of Tulsa County. Later an ·information, No. 19804, was filed in the dis-·trict court based on this preliminary hear-·ing.

Indictment No. 19505 charged R. D. ·Cunningham with embezzlement (as an ac-·cessory to one R. H. Bewley, an employee ·of Tulsa County School District No. 1). At his request a preliminary hearing was ·held and he was bound over to trial. Later an information, No. 19992, was filed in Tul-·sa County District Court, based on this pre-·liminary.

Indictment No. 19807 charged R. D. Cun-·ningham with embezzlement (as an acces-·sory to one R. H. Bewley, an employee of ·Independent School District No. 1 of Tulsa ·County). Here also a preliminary hearing ·was requested and he was bound over for ·trial. Later an information, No. 19993, was ·filed in Tulsa County District Court based ·on this preliminary.

It will be noted that the State has at-·tempted to replace each of these indict-·ments with an information, based on in-·formation gained at the preliminary hear-·ings, which hearings were granted under ·Tit. 22 O.S.A. § 524.

The Court does not agree with the ·State in its contention that when the de-

fendant requested a preliminary hearing on an indictment this terminates the indict-ment and if bound over, a new information must be filed in the district court. We con-strue the statute to mean that the indictment stays with the district court, to which it had been returned by the grand jury, and a certified copy thereof is then filed with the magistrate for the purpose of conducting the preliminary examination, and if the defendant is bound over, as was done in this case, it is on the indictment. The defend-ant then would return to the district court where the indictment is on file and proceed to trial thereon.

It is not too difficult to discern the evils that could arise from the construction plac-ed on the statute by the State. This would give them the right to change horses in the middle of the stream, and by so doing, deny the defendant his constitutional right to a preliminary hearing upon an information that was substantially and entirely different from the grand jury indictment. This is ex-actly what happened in this case.

The petitioners in all of these cases have been very careful not to waive their objec-tions to this procedure or to waive their right to a preliminary hearing on these dis-trict court informations. They preserved this right by verified motions to quash in the district court before arraignment on these new informations. In addition to these motions to quash, they raised the question by demurrers, and in addition to that, stated in open court that by pleading to the in-formations they did not intend in any way to waive their requests for preliminary hearings on same.

They have a constitutional right, Art. II, § 17 of the Oklahoma Constitution, which states that no person shall be prosecuted for a felony by information without first having a preliminary hearing, unless the preliminary examination is waived.

A thorough examination of the tran-scripts of testimony, discloses a very grave question of venue, and this Court would recommend that the county attorney of Tul-sa County again review these facts, before

burdening the citizens of Tulsa County with additional costs for further proceedings.

This entire grand jury proceeding, which is one of the corner stones of the foundations of our country, seems to have degenerated into a mockery, allowing TV cameras and still photographers inside the grand jury room, and further allowing the jury itself to wander, unchecked and without proper supervision, in their examination of various county facilities. These practices we can not condone.

The writ of prohibition prayed for covering indictment No. 19801 and information No. 19896 in the district court of Tulsa County should be, and the same is hereby issued. The District Judge of Tulsa County, is ordered and directed to refrain from any further proceedings in these cases.

The district court of Tulsa County is further ordered and directed to grant the petitioners preliminary examinations in the following informations: Nos. 19894, 19992 and 19993 before proceeding further.

Writ granted in part and other informations returned for preliminary examinations.

NIX, J., concurs.

BUSSEY, J., concurs in conclusion.