Whit PATE, Petitioner,

v.

**DISTRICT COURT OF OKLAHOMA COUN-TY, Oklahoma, Respondent.**

No. A–13902.

Court of Criminal Appeals of Oklahoma.

May 18, 1966.

Thomas Dee Frasier, Tulsa, Elton E. Thompson, Poteau, for petitioner.

Charles Nesbitt, Atty. Gen., Jack Swidensky, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is a matter in which the petitioner filed his application asking this Court to assume original jurisdiction, and issue a writ of prohibition against the district court of Oklahoma County prohibiting that court from proceeding further in the trial of petitioner on two indictments returned by the Oklahoma County grand jury.

On January 13, 1966 this Court assumed original jurisdiction and directed the trial court to conduct an evidentiary hearing into facts concerning the applicability of the statute of limitations, in both cases, and to transmit the transcript of the proceedings of that hearing to the Clerk of this Court.

The district court conducted the evidentiary hearing on February 10, 1966, and the record was filed with the clerk of this Court on February 14, 1966. The matter was set for hearing, to be had on March 16, as to whether or not the writ of prohibition should be issued.

In substance both indictments, to-wit: No. 31430 and No. 31431, recite that petitioner filed two separate state income tax returns with intent to defraud the state of Oklahoma, and to evade the payment of income taxes; and that he falsely stated his total income on both tax returns.

At the first hearing had before this Court on January 13, 1966 the State admitted that the three-year statute of limitation applied to both indictments, but contended that the running of the statute had been tolled.

Therefore, the question presented to us under the evidence adduced at the evidentiary hearing is not the guilt or innocence of the petitioner, but whether the running of the statute of limitations on either, or both, of the indictments had been tolled.

From the evidence before the Court, it is clearly shown that no controversy existed between the Oklahoma Tax Commissioner and the petitioner as to his tax return filed on April 15, 1961. Also, at the time petitioner filed his return, he paid the taxes due, as shown thereon.

Therefore, we must hold that the statute of limitation, pertaining to the 1960 income tax return, filed on April 15, 1961, had run as to the alleged crime; and that prosecution under indictment No. 31430 is barred, for it affirmatively appears that more than three years had expired since the time when the crime was allegedly committed.

The civil statute of limitation for the collection of the financial obligation claimed to be due the State must not be confused with the statute prohibiting the prosecution for an alleged crime related thereto. The legislature has provided in the Revenue and Taxation Statutes provisions which do toll the running of the statute of limitation, as it pertains to the collection of taxes determined to be due under certain circumstances. However, those provisions have no bearing on the running of the statute prohibiting the prosecution for alleged crimes.

As to matters contained in indictment No. 31431, it is shown that petitioner filed his tax return on May 14, 1962, but at that time he did not remit the tax payment due, as shown thereon. On August 2, 1963 the Oklahoma Tax Commission filed a tax warrant against petitioner for income taxes due on that 1961 tax return.

Thereafter, on September 29, 1965, petitioner made arrangements with the Tax Commission, which authorized the Commission to transmit a draft to the State National Bank at Heavener, Oklahoma, for the taxes shown due, plus interest and penalty claimed by the Tax Commission on October 20, 1965. At that time, the Tax Commission considered the controversy between petitioner and the Commission satisfied.

We conclude, after considering all the evidence contained in the record, that the offense charged in indictment No. 31431 comes within the three-year statute of limitation. There is no showing that the running of the statute of limitation had been tolled, as contended by the State. However, the evidence does sufficiently show that more than three years had expired since the crime was allegedly committed, prior to the return of indictment No. 31431.

We must therefore hold that prosecution for the alleged crime, charged in that indictment, is barred by the statute of limitation.

■ Unlike the statute of limitation in civil cases, the statute of limitation in criminal matters is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused. See: Benes v. United States (6 CA) 276 F.2d 99; Chaifetz v. United States, 109 U.S.App.D.C. 349, 288 F.2d 133; certiorari denied 366 U.S. 209, 81 S.Ct. 1051, 6 L.Ed.2d 233; rehearing denied 366 U.S. 955, 81 S.Ct. 1901, 6 L.Ed.2d 1247.

■ The statute of limitation barring prosecution for crimes is considered as being fundamental to our society and our criminal laws.

■ The statute of limitation, as found in our revenue laws, is in consonance with the policy of repose, that is fundamental to our way of life. See: Waters v. United States, 10 Cir., 328 F.2d 739; Bridges v. United States, 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557.

■ This Court held in Smith v. State, Okl.Cr., 381 P.2d 900:

"When it appears to court having jurisdiction to issue writ of prohibition that lower court, under any conditions, lacks jurisdiction to try accused upon indictment or information filed, with all amendments permitted under law considered made, and same conclusion as to lack of jurisdiction would be reached on appeal if defendant were convicted, writ of prohibition will be granted."

See also: Cunningham v. District Court of Tulsa County, Okl.Cr., 399 P.2d 57, and others.

■ It affirmatively appearing that more than three years had expired since the crime was allegedly committed, as contained in both indictments, we are of the opinion that both prosecutions are barred by the statute of limitation, and the writ prayed for should be, and the same is hereby, granted.

The District Court, Seventh Judicial District, Oklahoma County, is hereby ordered and directed to refrain from any further proceedings under Indictment No. 31430, and Indictment No. 31431.

Writ granted.