**A. Willard CUNNINGHAM, Petitioner,**

**v.**

**The DISTRICT COURT OF TULSA COUNTY, Oklahoma, and S. J. Clendinning, District Judge thereof, Respondents.**

**No. A–13921.**

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1967.

Roehm A. West, Tulsa, James Rinehart, El Reno, for petitioner.

David A. Hall, County Atty., for Tulsa County, Oklahoma, Tulsa, for respondents.

BRETT, Judge:

This is an original proceeding wherein petitioner filed his petition in this Court, asking that a writ of prohibition be issued to prohibit the district court of Tulsa County·from proceeding to trial on embezzlement charges pending against him. Febru-ary 14, 1963 the County Attorney of Tulsa County filed an information in the district court, case No. 19,894, charging petitioner with the offense of "embezzlement by employee". It was alleged that on January 6, 1959 petitioner embezzled and converted to his own use one 1944 International Truck-Tractor, which was property of Tulsa School District No. 1, while he was serving as director of maintenance.

Petitioner had earlier been indicted by a Tulsa County grand jury on several indictments, including one for the crime of embezzlement by employce. The indictment was withdrawn and an information filed, as provided by the statutes. It appeared that petitioner was being denied a preliminary hearing on the information, so he applied to this Court for a writ of prohibition against the said district court. After a hearing was had in this Court, the writ was granted in part, and this particular charge was returned to the district court for a preliminary hearing. See: Cunningham v. District Court of Tulsa County, Okl.Cr., 399 P.2d 57.

On September 1, 1965 petitioner's preliminary hearing was held, and the transcript of that hearing is included as part of the record in this matter, now before the Court. The petition in this matter was filed February 11, 1966, and oral arguments were had before the Court on September 7, 1966. The matter is just now being reconciled.

This Court has not been favored by the State with a brief in this matter; whereas petitioner filed his brief at the time he filed his application for the Court to assume juridiction, and his petition for issuance of the writ. We have, therefore, been left to accept petitioner's citations of authority, coupled with our own research of the law.

Petitioner's position is stated, that the Tulsa County District Court lacks jurisdiction to try him on the alleged offense for the reasons: that the testimony taken at the preliminary hearing shows the offense, if any, was "larceny by fraud", prosecution for which is barred by the statute of limitation. Title 22 Okl.St.Ann. § 152.

Petitioner also challenges the venue of the Tulsa County District Court, stating that such lies in Cherokee County.

Throughout the proceedings in this matter, petitioner has meticulously preserved his record in respect to jurisdiction and venue, by proper motions to quash and demurrers.

In this petition, it is contended that the district court is acting without, and in excess of, its jurisdiction; and if permitted to continue, petitioner will be deprived of his constitutional rights as provided in Art. 2, § 6, and § 20, as well as due process of law, as provided for in Art. 2, § 7, of the Oklahoma Constitution.

The facts, briefly stated, are: On January 7, 1959 petitioner was the Director of Maintenance for the Tulsa School District number One. On that date he executed a vehicle "assignment of title" to one B. H. Hensley, for transfer of a 1944 International Truck-Tractor. The vehicle in question was a "surplus property" vehicle, which had earlier been obtained from the Federal Government.

Thereafter, on January 23, 1961 an assignment of title to the same vehicle was executed in the name of B. H. Hensley to one R. D. Cunningham. Later, on May 1, 1962 R. D. Cunningham assigned the vehicle to the Tahlequah Ready-Mix & Material Company.

On November 27, 1962 the Tulsa County Attorney discovered the vehicle at the Tahlequah Ready-Mix & Material Company, which resulted in this matter being brought before the Tulsa County grand jury. The grand jury returned the indictment against the petitioner, and the information was substituted for the indictment.

Petitioner sets forth in his brief, that the transcript of the preliminary hearing, no doubt shows, that he acted without authority when he executed the title transferring ownership of the truck. But, he also sets forth, that such act was not embezzlement for the reason that nothing therein shows him to have ever been placed in actual custody of the vehicle, or that he ever had complete and exclusive possession of the truck.

Admittedly, the testimony of both the Superintendent of Schools and that of his assistant, reveals that at least three persons possessed more control over the final disposition of the property than was placed in the petitioner. It shows, also, that even though the petitioner did have access to the property, he did not necessarily have possession thereof.

As we view the entire transcript, we conclude that while the school officials referred to petitioner's authority to dispose of property, they never described what the procedure for such disposal might have been. The record does show that petitioner did act fraudulently in order to gain complete possession of the truck-tractor; and that he made the arrangements for the truck to be picked up, and to be transported to Cherokee County.

In support of his position, that if any offense was committed, it was larceny by fraud, petitioner cites Gibson v. State, Okl.Cr., 328 P.2d 718. In his brief petitioner makes what appears to be a reasonable comparison between Gibson's position and that of his own. We observe also, and as stated hereinbefore, insofar as the State has failed to provide a brief in this matter, we are left to presume the State must have reached much the same conclusion. Otherwise, the State would have exerted some effort to sustain its position.

In the Gibson case, supra, the president of a labor union, whose signature was required on all checks along with that of the financial secretary-treasurer, gained illegal possession of the union check book for some two years. During that two years, she forged the financial secretary-treasurer's signature to numerous checks and used the money for her own personal benefit. She was charged with the crime of embezzlement, and was convicted. Her conviction was appealed to this Court, and this Court reversed and remanded the case, stating that she should have been charged with

either larceny by fraud, or forgery, instead of embezzlement. It was shown that she never had legal possession of the check book sufficient to constitute a fiduciary possession required as an element in the crime of embezzlement, and that she intended to deprive the union of the funds when she gained possession of the check book.

In Gibson v. State, supra, this Court stated, at page 723:

"The distinction between larceny where the taking is by fraud, and embezzlement is determined with reference to the time *when the fraudulent intent to convert the property to the taker's own use occurs.* In larceny, the criminal intent must exist *at the time of taking* the property, and it must be taken with intent to deprive another thereof. If, on the other hand, the taker receives the property as a bailment, intending at the time a compliance with the terms of the bailment, or to conform to the owner's wishes concerning the property, and he afterwards fraudulently appropriates the property to his own use, intending to deprive the owner thereof, the crime is embezzlement." (Emphasis added.)

■ From the record, it appears that petitioner's principal duty was to supervise maintenance of the vehicles, and to determine when they were subject to disposal, because of their uneconomical condition of repair. We fail to find possession to the extent defined in Gibson v. State, supra.

The late Judge Barefoot recited in Riley v. State, 64 Okl.Cr. 183, 78 P.2d 712, as follows:

"In the case of Bivens v. State, 6 Okl.Cr. 521, 120 P. 1033, this court very clearly distinguishes between the crime of larceny and embezzlement, and holds that where larceny is committed by fraud, or whether it is embezzled is determined with reference to the time when the fraudulent intent to convert the property to the taker's own use. In larceny, the criminal intent must exist at the time of the taking of the property, and it must

be taken with an intent to deprive another thereof."

On page 157 of the transcript herein, the Honorable Robert Simms, district judge sitting as magistrate, while discussing venue of the case, stated, in part:

"* * * [A]t the time Cunningham signed this title in Tulsa County, he signed the same with the intent to embezzle the property and convert it to his own use, or a use not in keeping with his trust."

■ However, if petitioner had lawful possession of the truck sufficient to constitute the crime of embezzlement, as contended by the State, when the truck was transported from the school warehouse, then the embezzlement would appear to have occurred in Cherokee County. Under those circumstances, the Tulsa County District Court would not have jurisdiction of the offense of embezzlement. It was this position which caused this Court to raise the "serious question" of venue in Cunningham v. District Court of Tulsa County, supra.

■ On the other hand, if petitioner did not have sufficient possession to constitute embezzlement, and if his intent to deprive the lawful owner thereof is shown to have occurred at the time he signed the assignment of title and transported the truck to Cherokee County, then his crime would have been larceny by fraud, or forgery, or both.

Petitioner cites an Arkansas case to support his position that the charge, if any, should have been larceny by fraud. In Anderson v. State, 200 Ark. 516, 139 S.W.2d 396, the County Sheriff traded a county-owned rock-crusher for an air-compressor, without proper authority. He then employed another person to deliver the rock-crusher and bring back the air-compressor. He then rented the air-compressor to the federal government and used the proceeds therefrom for his own personal benefit. He was charged with larceny and convicted. Before reversing the conviction for

other reasons, the Arkansas Supreme Court made clear that the evidence supported the charge.

 Petitioner states that he had no more possession of the truck than the Arkansas sheriff had of the rock-crusher, in Anderson v. State, supra; and as occurred in that case, in the instant case the petitioner had another to transport the truck to Cherokee County for him. In Anderson, the Arkansas Supreme Court held that the employment of another to accomplish the actual transport of the property was sufficient to constitute the asportation required in larceny cases. The second paragraph of the Anderson syllabus states:

> "In larceny prosecution, the 'corpus delicti' or 'asportation' is shown by the slightest removal of stolen article, and is established by complete severance of owner's possession and actual possession by wrongdoer."

We are of the opinion that the record before the Court fails to show sufficient possession of the property to meet that element of the crime of embezzlement; and, as stated in the findings of the examining magistrate, the criminal intent occurred at the time the transfer of title was executed, after which the asportation took place, thereby causing the crime of larceny by fraud to have been committed.

 We are further of the opinion that insofar as the crime for which petitioner should have been charged was larceny by fraud, and insofar as that, as well as that of forgery, is one of the crimes which falls within the statute of limitation stated in Title 22 Okl.St.Ann. § 152, prosecution therefor is barred. To permit the district court of Tulsa County to pursue petitioner's trial under the charge laid will violate his constitutional rights; and if such were to proceed and result in a conviction of petitioner, the same would be subject to reversal for the reasons hereinbefore stated. Therefore, in order that justice might be served, and petitioner's constitutional rights protected, the writ of prohibition requested in the petition herein must be granted.

 While we do not relish the thought of seeing one who has committed a crime, as this petitioner committed, go unpunished, we must recognize that the statutes barring prosecutions for crimes are considered as being fundamental to our society, and to the criminal process. Unlike the statute of limitation in civil cases, that statute of limitation in criminal matters is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused. See: Pate v. District Court of Oklahoma County, Okl.Cr., 414 P.2d 567; Benes v. United States (6 CA), 276 F.2d 99; and others not here cited.

Therefore, for the reasons hereinbefore stated, the writ of prohibition prayed for herein should be, and the same is, granted.

The district court of Tulsa County is hereby ordered to dismiss information No. 19894, pending in that court against A. Willard Cunningham.

Writ granted.

NIX, P. J., concurs.

BUSSEY, J., not participating.