Public Utilities — Wage Hour Rates — Subject To Cities, towns and other bodies politic do not fall within the exception set forth in 40 O.S. 196.2 [40-196.2](7) (1968). Cities, towns and other bodies politic are not public utility companies, and therefore are subject to the prevailing hourly rate of wages set by the Commissioner of Labor. The Attorney General has had under consideration your letter dated April 12, 1968, wherein you request an official opinion. You ask: Do cities, towns and other bodies politic fall within the exceptions set forth in 40 O S. 196.2 (7) (1967)? Title 40 O.S. 196.2 [40-196.2](7) (1967), provides: "'Public Works' means all fixed works constructed for public use except works constructed by and for any public utility company or any drainage or conservation district, whether or not done under public supervision or direction or paid for wholly or in part out of public funds." Title 40 O.S. 196.1 [40-196.1] (1967) states: "It is hereby declared to be the policy of the State of Oklahoma that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work." Title 40 O.S. 196.2 [40-196.2](6) (1967), provides: "'Public body' means the State of Oklahoma or any officer, board, or commission of the state, or other political subdivision" It is well established that a city is a political subdivision. Smith v. State, Okl. Cr.,381 P.2d 900. A public utility company is considered to be a private body as shown by 17 O.S. 151 [17-151] (1961). Cities, towns and other bodies politic are excepted from regulation by this Section. It therefore appears that the legislature did not intend to exclude cities, towns and other bodies politic from Section 40 O.S. 196.2 [40-196.2](7), as they are public, rather than private, bodies. The exception set out in Section 40 O.S. 196.2 [40-196.2](7) obviously relates to utility companies, not political subdivisions which own and operate one or more utilities. While we have found no cases interpreting the term "by or for", we find that the term "for" has been defined as meaning "on behalf of". Webster's Seventh New Collegiate Dictionary, Page 325. "By or on behalf of" within statute limiting campaign expenditures "by or on behalf of" any nominee for public office refers to expenditures by the nominee or by someone who acts for him in the sense that an agent acts for or on behalf of his principal. Kommers v. Palagi,111 Mont. 293, 108 P.2d 208. It therefore appears that the phrase "by or for any public utility company . . ." means work constructed by any public utility company or on behalf of any public utility company by someone who acts for the public utility company in the sense that an agent acts for or on behalf of its principal. In construing statutes, intention of legislature, once ascertained, must govern. To ascertain such intent all provisions of legislative enactment upon a particular subject should be construed together and given affect as to a whole. ex rel Hampton v. Oaks, Okl., 281 P.2d 749. Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law. Brown v. State Election Board, Okl., 369 P.2d 140. It is therefore the opinion of the Attorney General that cities, towns and other bodies politic do not fall within the exception set forth in 40 O.S. 196.2 [40-196.2](7) (1967). Cities, towns and other bodies politic are not public utility companies, and therefore are subject to the prevailing hourly rate of wages set by the Oklahoma Commissioner of Labor. (W. Howard O'Bryan Jr.)