**Dora E. HOLSHOUSER, Petitioner,**

v.

**The DISTRICT COURT OF the TWENTY-FOURTH JUDICIAL DISTRICT of the State of Oklahoma, and the Honorable Mary Bailey Romine, Associate District Judge, Respondents.**

**No. A–15090.**

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1969.

Richard E. Romang, Enid, Ted Holshouser, Oklahoma City, for petitioner.

Austin O. Webb, Dist. Atty., Kenneth Butler, Asst. Dist. Atty., Okmulgee County, Oklahoma, for respondents.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

On the 30th day of July, 1969, with the permission of this Court, petitioner was permitted to file a Petition for Rehearing in the above styled and numbered cause, after making a proper showing that said matter, wherein this Court has previously dismissed said petition, should be reconsidered. The petition seeks to prohibit the District Court from conducting trials, wherein petitioner is named as defendant in three separate informations filed in the County Court of Okmulgee County, styled: State of Oklahoma vs. Dora Holshouser, d/b/a Virgin Oil Company, to wit: No. 6737, No. 7095, and No. 8029, in each of which the basis for the charge concerns the pollution of a certain stream in Okmulgee County, and in which each charge concerns the same tract of land on which certain oil drilling operations are alleged to be carried on. In each case, petitioner's Demurrer and Motion to Quash the Information has been denied.

Attached to the petition for rehearing is a Certificate of Good Standing from the Office of the Secretary of State, State of Oklahoma, for Virgin Oils, Incorporated, a Domestic Corporation. Said Certificate shows that the said Corporation is, and has been, in good standing since October 16, 1958. Also attached to said petition are copies of three oil leases, to the tract of land shown, on the beforementioned informations, each of which clearly shows the Virgin Oils, Incorporated to be the leaseholder for said tract of land; and each of said leases respectively show the same to have been executed during the year 1958, and to have been properly recorded in the office of the County Clerk for Okmulgee County, Oklahoma, in the year 1958.

On the 30th day of July, 1969, this Court issued its Rule to Show Cause why the Writ of Prohibition should not be issued, and directed the respondents herein to file a response to the Rule to Show Cause. On August 11, 1969, the Assistant District Attorney for Okmulgee County filed a Motion to Dismiss the petition for rehearing, in behalf of respondents. Said motion attempts to place legal authority for the misdemeanor actions under the provisions of Chapter 64, O.S.A.; however, it appears

that this Chapter pertains to "Frauds and Offenses in Corporation Affairs. Likewise, it is stated in said motion to dismiss, "That information which is now known to the District Attorney's Office, but not known at the time the informations were filed, reveals that the President of Virgin Oil Incorporated, the lease holder to said oil leases in the cases involved, is Dora E. Holshouser, the Petitioner herein, * * *." The motion also states, "[P]etitioner is liable individually for the acts committed, or in the alternative, Virgin Oil Incorporated, of which Petitioner is President, is liable." In an effort to justify the continuance the misdemeanor prosecutions, the motion provides, "That the District Attorney's Office offers to amend the informations filed in these cases to show the Defendant as Dora E. Holshouser d/b/a Virgin Oils Incorporated, rather than Dora E. Holshouser d/b/a Virgin Oil Company, this curing any possible defect with regard to this question."

After having considered all instruments and pleadings filed in this matter, the Court finds that according to the public records of the Office of the Secretary of State the Virgin Oils, Incorporated is duly incorporated, as a domestic corporation, under the laws of the State of Oklahoma, and has been so incorporated since October 16, 1958; and that the said corporation has been the leaseholder for the oil leases concerned in said prosecutions, since the year 1958; and that each of said leases has been duly recorded in the Office of the County Clerk of Okmulgee County, Oklahoma, since the year, 1958. The Court further finds, that according to the information before the Court, insofar as the Virgin Oils, Incorporated, is a legal entity within the State of Oklahoma, is subject to prosecution in such capacity, and is the leaseholder concerning the property complained of, that the informations originally filed in Okmulgee County Court, as cases: No. 6737, No. 7095, and No. 8029, are not properly laid, and that Petitioner's Demurrer and Motion to Quash the Information should have been granted, by the County Court at the time they were presented.

Therefore, in accordance with the decision of Pate v. District Court of Oklahoma County, Okl.Cr., 414 P.2d 567 (1966), wherein this Court cited from the case of Smith v. State, Okl.Cr., 381 P.2d 900 (1963), it was provided:

"When it appears to court having jurisdiction to issue writ of prohibition that lower court, under any conditions, lacks jurisdiction to try accused upon indictment or information filed, with all amendments permitted under law considered made, and same conclusion as to lack of jurisdiction would be reached on appeal if defendant were convicted, writ of prohibition will be granted." See also: Cunningham v. District Court of Tulsa County, Okl.Cr., 399 P.2d 57.

We are of the opinion the Writ prayed for herein should be granted.

It is therefore the order of the court that the Writ of Prohibition prayed for herein is granted, and the District Court of Okmulgee County, Oklahoma, is hereby ordered to dismiss the cases now pending in that Court against Dora E. Holshouser d/b/a Virgin Oil Company, originally filed in the County Court of Okmulgee County as cases: No. 6737, No. 7095, and No. 8029. Writ of prohibition granted.

NIX, J., concurs.

BUSSEY, J., not participating.