### NORTHEASTERN OKLAHOMA BUILDING AND CONSTRUCTION TRADES COUNCIL et al., Appellants,

v.

### The TULSA METROPOLITAN WATER AUTHORITY, Appellee.

### No. 45742.

Supreme Court of Oklahoma.

Feb. 12, 1974.

Stan P. Doyle and Gerald B. Ellis, Tulsa, for appellants.

R. James Unruh, Tulsa, for appellee.

HODGES, Justice.

The issue to be decided is whether the Tulsa Metropolitan Water Authority (Authority), a public trust created under 60 O.S.1961 § 176, is subject to compliance with the prevailing wage statute, 40 O.S. 1965 Supp. 196.1–196.12, as the result of entering into a certain contract with the City of Tulsa.

As part of the development of the Port of Catoosa, the City of Tulsa announced in April, 1970, that it would advertise for bids on a contract covering the construction of certain sanitary sewer mains and lines.

The Authority was to receive funds from the City of Tulsa to finance the construction under an agreement entered into between the Authority and the city.

The Commissioner of Labor, at the request of the City of Tulsa and in conformity with the prevailing wage statute, determined that the operating engineers and construction rate must be paid instead of the Utility scale sought by the City of Tulsa. The correctness of his determination is not an issue in this case.

Following this ruling the City of Tulsa filed an application with the Oklahoma Supreme Court asking this Court to assume original jurisdiction and to issue a writ of mandamus requiring the Commissioner of labor to determine the lower utility scale applied. City of Tulsa v. L. E. Bailey, Commissioner of Labor, No. 44,347 (Okl. 1970). This Court refused to assume original jurisdiction of the case.

The Authority obtained a ruling from the Attorney General to the effect that the Tulsa Metropolitan Water Authority, a public trust created under the provisions of Title 60 O.S.1961 §§ 176–180, was not a "public body" as defined in Title 40 O.S. 1965 Supp. § 196.2(6), and therefore not subject to the prevailing wage statutes of the State of Oklahoma.

On August 14, 1970, the City of Tulsa contracted for the Tulsa Metropolitan Water Authority to construct the sewer main and lines at the Port of Catoosa. A petition was filed by Northeastern Oklahoma Building and Construction Trades Council, International Union of Operating Engineers, Hoisting and Portable Local 622; and Laborers International union of North

America (Northeastern) in the District Court in Tulsa in an effort to restrain the City of Tulsa from awarding the contract without complying with Oklahoma's prevailing wage statutes. Before the contract was fully performed by the Tulsa Metropolitan Water Authority, the lower court denied the injunctive relief sought by Northeastern.

Subsequently, Northeastern filed an amended petition seeking a declaratory judgment. Northeastern urged the lower court to declare that the Tulsa Metropolitan Water Authority was a public body as that term is defined in the prevailing wage statute. Both parties filed motions for Summary Judgment. On March 14, 1972, the lower court sustained Authority's Motion for Summary Judgment and declared under the definition of 40 O.S.1965 Supp. § 196.2(6), the Authority was not a public body, and therefore not subject to the prevailing wage statute. Northeastern filed a Motion for a new trial which was denied.

The Court of Appeals affirmed the lower court's decision. Appellants seek certiorari. We need not decide whether the Authority is a public body as contemplated by the statute in as much as we find the City as a public body contracted with the Authority. It is therefore subject to the prevailing wage statutes.

The pertinent prevailing wage statute, 40 O.S.1965 Supp. § 196.1 provides:

"It is hereby declared to be the policy of the State of Oklahoma that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work."

"Public body" is defined by 40 O.S.1965 Supp. § 196.2(6) as meaning "the State of Oklahoma or any officer, board, or commission of the state or other political subdivision."

There is no question that under these provisions, the City of Tulsa is a political subdivision of the State of Oklahoma. As such it may acquire, dispose of, and maintain control of property in the manner provided by law. See Smith v. State, 381 P.2d 900, 903 (Okl.Cr.1964). There is also no dispute that the Authority is engaged on behalf of the City of Tulsa, in the performance of a governmental function which would normally be exercised by the City.

It is provided by 40 O.S.1965 Supp. § 196.5 that:

"Before any public body awards a contract for public works, it shall notify the Commissioner to ascertain the prevailing hourly rate of wages in the locality in which the work is to be performed, for each craft or type of workmen needed to execute the contract or project. The public body shall specify in the resolution or ordinance, and in the call for bids for the contract, what the prevailing hourly rate of wages in the locality is for each craft or type of workmen needed to execute the contract, also the general prevailing rate for legal holiday and overtime work, and it shall be mandatory upon the contractor to whom the contract is awarded, and upon any subcontractor under him, to pay not less than the specified rates to all workmen employed by them in the execution of the contract. The public body awarding the contract shall cause to be inserted in the contract a stipulation to the effect that not less than the prevailing hourly rate of wages as found by the department or determined by the court on appeal shall be paid to all workmen performing work under the contract. It shall also require in all the contractor's bonds that the contractor include such provisions as will guarantee the faithful performance of the prevailing hourly wage clause as provided by contract. Provided, however, that once a contract has been advertised for bids, and a prevailing wage determined, such prevailing wage shall not be altered, until such time as the contract expires."

The City of Tulsa awarded the contract to the Authority without complying with the requirements of this controlling statute.

The intent of the legislature is strongly expressed in the Act itself, 40 O. S.1965 Supp. § 196.1, supra. The statute specifically provides the applicability to "any public body engaged in public works." As defined in the statute, we find the City of Tulsa is a public body which contracted for a public work. In accordance with 40 O.S.1965 Supp. § 196.5, the city was required to notify the Commissioner of Labor to ascertain the prevailing wage, and to specify the prevailing wage in the resolution or ordinance, and in the call for bids for the contract. Therefore, when the contract was awarded to the Authority, this statute made it mandatory that the prevailing wage be paid.

Reversed.

All Justices concur.