The **OKLAHOMA CITY HOUSING AUTHORITY, a public body corporate and politic, Appellee,**

v.

The **STATE of Oklahoma ex rel. COMMISSIONER OF LABOR, Appellants.**

No. 47131.

Supreme Court of Oklahoma.

July 23, 1974.

Rehearing Denied Jan. 7, 1975.

William B. Rogers, Ames, Daugherty, Black, Ashabranner & Rogers, Oklahoma City, for appellee.

Larry Derryberry, Atty. Gen. of Oklahoma, Donald B. Nevard, Asst. Atty. Gen., Oklahoma City, for appellants.

HODGES, Justice.

The Oklahoma City Housing Authority (Authority) filed an action for declaratory judgment in which it sought to have determined that it was not a public body as defined in 40 O.S.1971 § 196.1 et seq. and, therefore, not subject to the jurisdiction and regulation of the Commissioner of Labor of the State of Oklahoma.

The pertinent statute, 40 O.S.1971 § 196.-1 provides:

"It is hereby declared to be the policy of the State of Oklahoma that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work."

The specific question to be determined, is whether the Authority is subject to payment of the minimum wages on public works as established by the prevailing wage statutes.

The Authority relies on Boardman v. Oklahoma City Housing Authority, 445 P. 2d 412 (Okl.1968) to support its position that a housing authority is not an agency or instrumentality of the city in which it operates, and is not a political corporation or sub-division of the state. This case was decided within the narrow confine of determining that bonds issued by the housing authority were not an indebtedness of the state in violation of Art. 10 §§ 23 and 25 of the Oklahoma Constitution.

The Housing Act provides that the Act without reference to other statutes constitutes full authority for the authorization and issuance of bonds. 63 O.S.1971 § 1072. The application of the Boardman case is therefore limited to the bond question.

The Authority has all the attributes of a public body. In fact, the Oklahoma Housing Authorities Act so designates. Title 63 O.S.1971 § 1055, provides:

"In each city and in each county of the state there is hereby created a *public body corporate and politic* to be known as the "housing authority" of the city or county; provided, that the authority shall not transact any business or exer-

cise its powers hereunder until or unless the governing body of the city or county, as the case may be, by proper resolution declares that there is need for an authority to function in the city or county." (Emphasis supplied)

Section 1054(a) also defined the Housing Authority as a public body. It provides:

" (a) Authority means *any public body corporate and politic* created by this act." , (Emphasis supplied)

In addition thereto, section 1053(e) of the Act recognizes the functions of a Housing Authority are governmental functions of state concern.

Also, strongly expressed in the prevailing wage statute, 40 O.S.1971 § 196.1, is the intent of the legislature, where they explicitly declared the policy of the state to be that a wage of no less than the prevailing hourly wage be paid to all workmen employed by or on behalf of any public body engaged in public works. The Act further defines a public body to be the State of Oklahoma, or any officer, board, or commission of the State, or any other political sub-division. 40 O.S.1971 § 196.-2(6).

There is no question that the City of Oklahoma City is a political sub-division of the State of Oklahoma, and there is no dispute that the Authority may not come into existence until the city declares that there is a need for it to function. See North-eastern Oklahoma Building and Construction Trades Council v. Tulsa Metropolitan Water Authority, 519 P.2d 488, 490 (Okl. 1974), 63 O.S.1971 § 1055.

In addition to these statutes, the legislature specifically excluded the Oklahoma Department of Highways and the Oklahoma Turnpike Authority from the provisions of the prevailing wage statutes by virtue of 40 O.S.1971 § 196.12. If the Authority and other authorities similarly situated are to be excluded from the prevailing wage statutes, then that is the prerogative of the legislative and should not be exercised by judicial fiat.

We cannot ignore the specific direction of these statutes. We believe that for the purposes of the Prevailing Wage Statutes the Authority is a public body engaging in a public work and that the statutes are applicable. A contrary opinion would permit public funds to be channeled through the Authority to circumvent the prevailing wage statute.

Judgment reversed.

All Justices concur.