COUNTY PARKING
Pursuant to 19 O.S. 1 [19-1](2) (1971), a county may purchase land for the purpose of county parking for the use of the county, or for use incidental to county purposes, and that such purchase must be predicated upon a determination that additional parking is necessary for county officials and the general public when they have business at the county courthouse. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May a county purchase land for the purpose of county parking? Title 19 O.S. 1 [19-1] (1971), provides, in part, as follows: "Each organized county within the State shall be a body corporate and politic and as such shall be empowered for the following purposes: "2. To purchase and hold real and personal estate for the use of the county, and lands sold for taxes as provided by law." Smith v. State, Okl. Cr., 381 P.2d 900 (1963), states as follows: "The county . . . is a political subdivision of the State of Oklahoma. As a political subdivision each may acquire property and maintain control or dispose of it in the manner provided by law." (Page 903) The law clearly allows a county to purchase and hold real property for the "use of the county". The meaning of the phrase "use of the county" has not been construed by the Oklahoma courts. However, the authority of County Commissioners to build a parking lot for county officials and the general public to use when they have business at the courthouse was examined in Attorney General Opinion No. 65-162, dated March 25, 1965, which stated as follows: "The county commissioners clearly have the power and authority to provide for the services incidental to the operation of the county courthouse and it is equally clear that a parking lot for the use of county officials and the general public when they have business at the courthouse is incidental to the operation of the courthouse." The opinion held, in effect, that County Commissioners "may build a parking lot for county officials and the general public to use on present land which the county owns now for courthouse purposes." This opinion clearly applies only where the land, upon which a proposed county parking lot is to be situated, is already held by the county. The only statutory provision relating specifically to county parking is 19 O.S. 941 [19-941] (1971), which provides as follows: "In any county in the State of Oklahoma having a population of more than three hundred thousand (300,000), the board of commissioners of each county of the State is hereby authorized in its discretion, by the adoption of a resolution to be set forth in its minutes, to install and operate on any tract of land of the county not needed or used for other county purposes county parking lots on which motor and other vehicles may be parked, and may charge parking fees therefor, and may install parking meters or other parking control devices, all as provided for and fixed in said resolution." This Statute, relating to property already owned by the county and not needed or used for other county purposes, was enacted in addition to the general law on acquisition of property for the purpose of county government. Pursuant to 19 O.S. 1 [19-1](2) (1971), a county may purchase land and use the same for parking if such parking is for the use of the county. Counties have only such authority as is granted by statute (Tulsa Exposition Fair Corp. v. Board of County Commissioners,468 P.2d 501, 507 1970), and, accordingly, the purchase of land for county parking must be predicated upon a determination that additional parking is necessary for county officials and the general public when they have business at the courthouse. It is, therefore, the opinion of the Attorney General that, pursuant to 19 O.S. 1 [19-1](2) (1971), a county may purchase land for the purpose of county parking for the use of the county, or for use incidental to county purposes, and that such purchase must be predicated upon a determination that additional parking is necessary for county officials and the general public when they have business at the county courthouse. (Harold B. McMillan Jr.)