E. S. RALSTON, *as Township Trustee, et al.,* v. THE DODGE CITY, MONTEZUMA & TRINIDAD RAILWAY COMPANY *et al.*

1. TOWNSHIP, *a Body Politic.*  Each organined township in this state is a body politic and corporate, and, in its proper name, may sue and be sued.

2. ACTION *by Township—Proper Plaintiff.*  A township may bring an action in its own proper name, but the trustee or other officers of the township are not the proper plaintiffs in an action intended to be brought by the township, or for the benefit of the township, or in the interest of the people of the township.

*Error from Ford District Court.*

ACTION by *E. S. Ralston,* trustee, *Ed. F. Burrell,* clerk, and *H. J. Gyles,* treasurer, and others, officers of Fairview township, in Ford county, against *The Dodge City, Montezuma & Trinidad Railway Company, E. F. Kellogg, Harry Benjamin,* and others.  A temporary injunction granted plaintiffs was dissolved, and they bring error.

*B. F. Milton,* and *W. E. Hendricks,* for plaintiffs in error; *Milton Brown,* of counsel.

*Sutton & McGarry,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiffs, who are officers of Fairview township, in Ford county, commenced their action against the defendants to enjoin and restrain them from tearing up and removing, in that county, the track of the Dodge City, Montezuma & Trinidad railway, a short road of 26 miles, which was built in 1888 from Dodge City through Fairview township, in Ford county, to Montezuma, in Gray county, a distance of 26 miles.  It has not, however, been in operation for several months, the railway company being insolvent, and having no means to operate the road.  At the commencement of the action, the probate judge of Ford county granted a

22—53 KAS.

temporary injunction. Subsequently, a part of the defendants filed a motion to dissolve the injunction, upon several grounds; among others, that the plaintiffs had no legal capacity to bring the action, and that the petition did not state a cause of action or sufficient facts to entitle the plaintiffs to an injunction. The hearing was had before the district judge upon this motion. The injunction was dissolved, and the plaintiffs bring the case here, and complain of the ruling of the district judge.

We think the order of the district judge must be sustained. The plaintiffs, as private citizens, were not entitled to the remedy prayed for in their petition. Where the proceedings are for the enforcement of a duty affecting not a private, but a public right, a private individual can only apply for this remedy where he has an interest specific and peculiar in himself. (*Bobbett v. The State, ex rel.*, 10 Kas. 9.) It is for the public officers exclusively to apply when public rights are to be subserved. If Fairview township, on account of having aided the construction of the Montezuma railway by the issuance of its bonds in exchange for capital stock, is entitled to maintain such an action, the officers of the township are not the proper plaintiffs. Each organized township in this state is a body politic and corporate, and in its proper name may sue and be sued. (Gen. Stat. of 1889, ¶ 7061.) A township may bring an action in its own name, but the trustee or other officers of the township are not the proper plaintiffs in an action intended to be brought by the township, or for the benefit of the township, or in the interest of the people of the township. In the cases cited of actions brought for the benefit of townships, the actions were commenced in the name of the townships. (*Center Township v. Hunt*, 16 Kas. 430; *Alma Township v. Kast*, 37 id. 433.)

With the conclusion we have reached, it is not necessary to decide whether Fairview township itself could maintain this action, if one had been brought in its name. The entire public is interested in the maintenance and operation of a railroad, when such duty may be properly demanded, and the

public may enforce, in a proper case, the performance of any
public duty of a corporation through the county attorney or
the attorney general.   The order of the district court will be
affirmed.

All the Justices concurring.