No. 34,335

EMPORIA TOWNSHIP, in Lyon County, *Plaintiff*, v. FANNIE E. WIL-LIAMS, Treasurer of Lyon County, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LYON, *Defendants.*

(89 P. 2d 919)

Opinion filed May 6, 1939.

*Owen Samuel, Clarence V. Beck* and *Robert H. Hudkins,* all of Emporia, for the plaintiff.

*Jay Sullivan,* county attorney, and *Everett E. Steerman,* of Emporia, for the defendants.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in mandamus. It is brought by Emporia township of Lyon county, on behalf of itself and all other townships within that county, to compel the treasurer of Lyon county and the board of county commissioners of that county to pay over to the townships fifty percent of the county and township road fund in accordance with the alleged requirements of G. S. 1935, 68-416 (2).

The issues are joined by the motion for an alternative writ and the

·answer of the defendants. Plaintiff has moved for judgment on the pleadings. The principal question presented is the correct interpretation of G. S. 1935, 68-416 (2). The pertinent portion thereof provides:

"The sum of $800,000 quarterly up to April 1, 1930, and the sum of $900,000 quarterly on and after April 1, 1930, shall be transferred by the state treasurer from the highway fund into a fund known as the county and township road fund, which shall be distributed to the 105 counties as follows: forty percent shall be distributed equally to the 105 counties of the state and sixty percent shall be apportioned and distributed to the 105 counties of the state in proportion to the assessed valuation based upon the preceding year's assessment. *The fund thus distributed to the various counties shall be used for the construction, improvement, reconstruction and maintenance of county and township roads and bridges at the option of the county commissioners: Provided,* That not less than fifty percent of said fund shall be used on township roads and bridges and *shall be divided among the various townships in each county in the proportion that the mileage of township roads in the various townships bears to the total mileage of township roads in the county: . . ."* (Italics inserted.)

For brevity and convenience we shall refer to plaintiffs as the townships, and to defendants, as the county. The townships contend they are entitled to have fifty percent of the fund transferred to them and that they may expend the fund on township roads and bridges as they deem proper. In that construction of the statute the county does not concur. It contends the statute is mandatory as to it in only the two particulars contained in the proviso. It urges the first mandate is that not less than fifty percent of the fund must be used by it on township roads and bridges, and that the second mandate requires the county to determine the amount used on roads and bridges of the respective townships on the basis directed in the proviso. The county, therefore, contends that otherwise than as restricted by the proviso the use of the fund rests in the option of the county commissioners.

The township stresses mostly the italicized portion of the proviso. The county relies mainly upon the italicized portion of the preceding enactment. The statute must, of course, be construed in its entirety with a view of giving effect to legislative intent. In order to properly interpret such intent we must bear in mind the general purpose and effect of a proviso. In 59 C. J., Statutes, § 638, it is said:

"A proviso is a clause engrafted on a preceding enactment for the purpose of restraining or modifying the enacting clause, or of excepting something from its operation which otherwise would have been within it, or of excluding some

possible ground of misinterpretation of it, as by extending it to cases not intended by the legislature to be brought within its purview. The proviso is generally introduced by the word 'provided,' but its existence and effect are to be determined rather by its matter and substance than by its form; and such word may, if that be the sense gathered from the whole act, simply explain what had previously been stated in general terms, or direct the manner of doing what was allowed by the context to be done generally." (p. 1087.)

In section 639 of the same work another rule applicable to the instant case is stated thus:

"A proviso which follows and restricts an enacting clause general in its scope should be strictly construed, so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso, and the burden of proof is on one claiming the benefit of the proviso." (p. 1089.)

See, also, *Sowers Plan Crop Ins. Mut. Co. v. Hobbs*, 146 Kan. 166, 168, 68 P. 2d 1110.

Under the general enactment of the statute involved, the fund distributed to the counties is to be applied to the construction, improvement, etc., of county and township roads and bridges. The exact use of the fund, within the purposes named, is expressly placed at the option of the county commissioners. Obviously, then, according to the general enactment, the exact use of the fund, within a township, is not to be determined at the option of that township. Now what restriction or limitation of the county's right to use the fund is fairly found within the terms of the proviso? We think the proviso restricts the general grant of power to the county only by making it mandatory the county use not less than fifty percent of the fund on township roads and bridges, and that the proviso further makes it mandatory that the amount of the fund used in the respective townships be determined by the county in accordance with the proportion the mileage of township roads bears to the total mileage of township roads in the entire county. It also will be observed the proviso left it within the power of the county to use more than fifty percent of the fund on township roads and bridges. There is nothing in the proviso which prevents the county from using the entire fund on township roads and bridges and the general enactment permits the county to use the fund on county and township roads and bridges at its option. We therefore find complete harmony in the enacting clause and proviso. The townships insist the words contained in the proviso, to wit: "shall be divided among the various townships," mean the fund should be paid over to the townships for them to use on their roads and bridges at their option.

They urge that unless the quoted words be so construed they are meaningless. We deem the contention untenable for at least two reasons. The first is such interpretation does violence to the preceding general enactment. The second reason is, those words standing alone do not express the full intent of the proviso itself. They must be read with the words which follow them in order to ascertain the purpose and intent of the proviso. That portion of the proviso reads:

". . . . shall be divided among the various townships in each county *in the proportion that the mileage of township roads in the various townships bears to the total mileage of township roads in the county.*" (Italics inserted.)

The word "divided," as employed in the proviso, does not constitute a direction to the county to transfer the fund to the townships. It appears the word "divided" was not employed in the sense of directing a transfer of the fund from the county to the townships, but rather as fixing a method for ascertaining the portion of the fund to be used in the respective townships.

In its motion for the writ, the township also pleaded G. S. 1935, 68-424. It provides:

"That thirty-five percent, or so much thereof as may be necessary, of the county and township road fund, derived from special taxes on motor vehicles and on motor fuels, as provided in subsection (2) of section 1 [68-416] of chapter 241, Laws of 1933, and amendments thereto, which is $900,000 per quarter or $3,600,000 per year, may be, upon resolution duly adopted by the board of county commissioners of any county, set aside to be used for road and highway purposes in the construction, maintenance, and operation of county roads and township roads and city streets, avenues or boulevards by the county or city, respectively, or to pay bonds and interest thereon issued for such purposes as hereinafter provided: *Provided,* That preference shall and must be given for labor in such construction, maintenance, and operation, to persons on the relief rolls of the county who are physically able to and will work on such construction, maintenance and operation: *Provided further,* That any county taking advantage of this act shall expend fifty percent of the county's share of said funds set aside or raised under this act on township roads except in counties operating under the county unit system of highways.

"The thirty-five percent shall be, after the resolution above provided for has been adopted, apportioned among the county and the cities of the county on a basis of population, the population as determined by the federal census of 1930 to be the populations used hereunder, and the population of the county outside the limits of cities to be considered as the population of the county. Said thirty-five percent shall be distributed and paid over to the county and cities, or held to pay bonds as hereinafter provided, by the state treasurer at the quarterly distribution as provided by subsection (2) of section 1

[68-416] of chapter 241, Laws of 1933, and amendments thereto. *The remaining sixty-five percent shall be distributed to the county and by the county distributed to the county and township as provided by subsection (2) of section 1 [68-416] of chapter 241, Laws of 1933, and used for the purposes therein specified.* [L. 1933, ch. 94, §1 (Special Session); Nov. 23.]" (Italics inserted.)

The townships alleged the county had not adopted the resolution mentioned in the foregoing statute and hence the entire fund was available for distribution. They further pleaded the county had previously, at an election, defeated the proposal to establish a county unit system of highways. It is urged the defeat of the county unit system in Lyon county evidenced the fact that county did not desire a county unit system. We do not understand the interpretation of G. S. 1935, 68-416 (2), urged by the county, will result in the establishment of a county unit system of highways for Lyon county.

The townships further urge the italicized portion of G. S. 1935, 68-424, supports their contention. While that portion of that statute might have been more aptly worded in order to more clearly harmonize with G. S. 1935, 68-416 (2), we think the words "distributed to the townships," when considered in conjunction with the proper interpretation of G. S. 1935, 68-416 (2), should be construed as a direction to allocate proper portions of the fund for use in the respective townships, by the county. We do not construe G. S. 1935, 68-424, as intending to interpret G. S. 1935, 68-416 (2), in such manner as to authorize the townships to actually expend the fund. We think our interpretation that it was intended the counties should expend the money, also coincides with the clear intent expressed in the second proviso of G. S. 1935, 68-424, which reads:

"*Provided further,* That any *county* taking advantage of this act *shall expend* fifty percent of the *county's* share of said funds set aside or raised under this act on *township roads* except in counties operating under the county unit system of highways." (Italics inserted.)

The townships stress the allegation in the motion for the writ to the effect that G. S. 1935, 68-416 (2), has had a general operative interpretation in accordance with their contention since its enactment. Defendants' answer indicates that at least some legal interpretations of G. S. 1935, 68-416 (2), when sought, have been otherwise. The question is one of first impression in this court and upon careful deliberation we have concluded it was not the intention of the lawmakers the fund should be transferred to and expended by the townships.

The contention of the county that the townships have an adequate remedy at law, and hence redress by mandamus does not lie, is not well taken in the instant case. The essential purpose of this proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of public business, and for the accomplishment of that objective mandamus has become a familiar vehicle in this state. (*Kittredge v. Boyd,* 136 Kan. 691, 18 P. 2d 563; *State, ex rel., v. Peterson,* 147 Kan. 626, 631, 78 P. 2d 60.) Nor can the contention of the county that a township has no right to maintain the proceeding without bringing it in the name of the county attorney or attorney general, be sustained. G. S. 1935, 80-101, provides:

"Each organized township in this state shall be a body politic and corporate, and in its proper name sue and be sued, and may appoint all necessary agents and attorneys in that behalf; and may make all contracts that may be necessary and convenient for the exercise of its corporate powers."

See, also, *Ralston v. D. C. M. & T. Rly. Co.,* 53 Kan. 337, 36 Pac. 712.

In view of our conclusion on the principal question involved, the writ must be denied. It is so ordered.