**Laurence MacQUARRIE, Plaintiff,**

v.

**Richard E. McLAUGHLIN, individually and as Registrar of Motor Vehicles of the Commonwealth of Massachusetts, Defendant.**

**Civ. A. No. 68–912–G.**

United States District Court
D. Massachusetts.

Dec. 6, 1968.

Judgment Affirmed April 1, 1969.
See 89 S.Ct. 1224.

Richard A. Seid and Paula Gold, Boston, Mass., for plaintiff.

Samuel W. Gaffer, Asst. Atty. Gen., Leonard L. Kaunfer, Boston, Mass., for defendant.

Before ALDRICH, Circuit Judge, and FORD and GARRITY, District Judges.

## OPINION

ALDRICH, Circuit Judge.

This is a three-judge district court matter in which the plaintiff seeks to have declared unconstitutional, as applied to persons in his position, Mass.G.L. c. 90 § 22A, as amended, the provisions of which appear in the appendix hereto. Briefly, it exposes the driver's license of one who does not insure against property damage to revocation if he fails to satisfy a judgment against him for such liability. Taking the allegations as favorably to the plaintiff as we can, plaintiff, a citizen of the Commonwealth, is the registered owner of a certain automobile and the possessor of a Massachusetts driver's license. He loaned the automobile to a young lady who, while driving the car in his absence, struck the automobile of one Balch, causing property damage. Balch subsequently recovered a judgment not only against the driver, but against the plaintiff herein, taking advantage of Mass.G.L. c. 231 § 85A which establishes a prima facie case that the driver of a car on the Massachusetts highways is the agent of the owner. Neither the driver nor the plaintiff has funds, and the plaintiff having no property damage insurance the judgment remained unsatisfied for the requisite sixty days and still so remains. Balch invoked section 22A, as a result of which

the Registrar of Motor Vehicles has served notification of revocation of plaintiff's license.

Plaintiff asserts that since he was without personal negligence—there is no contention that he was negligent in entrusting the car to the lady in question—"section 22A bears no relation to public safety and by its terms operates unreasonably to discriminate against the poor, thus constituting a denial of the equal protection of the laws and due process of law. Plaintiffs [1] argue that Mass.Gen. Laws, Chapter 90 section 22A is void as a bill of attainder under Article I, Sec. 9, Clause 3 of the Constitution." Pending our final decision herein we issued an order staying the revocation of plaintiff's license.

State enactments similar to section 22A have been held constitutional. Kesler v. Dept. of Public Safety of Utah, 1962, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed. 2d 641; Reitz v. Mealey, Commissioner of Motor Vehicles of the State of New York, 1941, 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21; cf. Opinion of the Justices, 1925, 251 Mass. 617, 147 N.E. 680. No case, however, has considered the narrow issue presented in this case, where the license holder was not himself guilty of negligence. The importation of exceptions into statutes properly affected with a public interest is not lightly to be made. Plaintiff's freedom from actual fault in this particular instance does not mean that he must not bear the consequences. This is not a case where the car was stolen and it was found that plaintiff had no responsibility for its operation; the Massachusetts statute requires a final personal judgment. Prior to revocation of a license under Mass.G.L. c. 90 § 22A the Registrar of Motor Vehicles must be satisfied that a judgment has been entered against the individual as a defendant in an action to recover damages for injury to property arising out of the use, operation or maintenance on the ways of the Commonwealth of a motor vehicle. Plaintiff's responsibility has been established after a trial at which he had an opportunity to defend. Actors who are relatively innocent may find themselves liable not only for civil consequences where strong public policy is involved, but for forfeitures against which they have no opportunity to defend at all. Thus in Van Oster v. Kansas, 1926, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, an owner of a motor vehicle innocently loaned to an individual who used it for transportation of illicit goods could not prevent statutory forfeiture of the car.

If an automobile owner can, in effect, be compelled to guarantee the honesty of the person to whom he loans his car, we see no constitutional impediment to compelling him to guarantee his agent's due care when the offered alternative, or escape, is the purchase of property damage insurance. We may take notice that the cost of such coverage involves a very small amount of money compared to the value of the automobile. The Commonwealth would have had an absolute right to require the carrying of property damage coverage. The fact that it permitted the option of running the risk of being able to meet a judgment does not render its action arbitrary or void. Even if it might be thought more reasonable for the Commonwealth to revoke the registration of plaintiff's automobile instead of his license in this particular situation, where the liability arose from lending rather than driving, our function is not to determine what would have been more reasonable, but rather whether the revocation of the driver's license was related to the legislative purpose of promoting safety on the highways and financial responsibility for injuries done by motor vehicles. We cannot say that it was not.

In talking equal protection what plaintiff is really saying is that since, because of economic circumstances, he could not afford property damage insurance as readily as other persons better situated, the Commonwealth should not

---

I. At one time the driver joined in the action, but she has wisely desisted.

have permitted such persons the option of being self-insurers. We see no merit in such a Procrustean view of equal protection.

Judgment will be entered dismissing the complaint.

### Appendix

Mass.G.L. c. 90 § 22A

Suspension of license for failure to satisfy judgment for injury to property; liability insurance; personal injury actions; deposit of judgment debt

The registrar, if he is satisfied by such evidence as he may require that the defendant in an action brought in the commonwealth to recover damages for injury to property arising out of the use, operation or maintenance on the ways of the commonwealth of a motor vehicle or trailer has failed, for sixty days after the rendition thereof, to satisfy in full a judgment against him in such action, shall suspend any license to operate motor vehicles issued to him under this chapter, or his right to operate such vehicles or, if the defendant is a partnership, a trust, or a corporation, shall suspend all certificates of registration issued to it under this chapter; and the registrar shall not terminate any such suspension, or renew or issue any such license to any such person, or renew or issue such certificates of registration to such corporation, partnership or trust until he is satisfied as aforesaid that said judgment has been fully satisfied or that the judgment creditor has released or discharged the judgment debt. This section shall not apply in any case if the registrar is satisfied as aforesaid that the defendant was, at the time such injury occurred, insured against loss or damage on account of his legal liability for such injury by or under a policy of insurance issued by an insurance company duly authorized to transact business in the commonwealth under chapter one hundred and seventy-five, to the amount or limit of at least five thousand dollars and that such company, at the time such judgment was rendered, remained liable thereunder; nor shall this section apply in the case of a judgment rendered in an action brought to recover damages for death or bodily injuries as well as damages for such injury to property, unless a separate finding or verdict for such property damages has been entered or returned in such action, in which case the amount of damages so awarded shall, for the purposes of this section, be deemed the amount of the judgment.

If a judgment debtor satisfies the clerk of the court in which the judgment was obtained that said judgment debtor is unable to locate the judgment creditor or his legal representative, he may deposit with such clerk the full amount of the execution with interest and said clerk shall give to him a receipt therefor reciting such facts. Upon presentation to the registrar, such receipt in full shall be evidence of satisfaction, release, or discharge of the judgment debt. As amended St.1960, c. 327; St.1963, c. 769; St. 1964, c. 133; St.1964, c. 298.

