Phillip **FARON**, John L. Latham, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

John J. **TYNAN**, Commissioner of Motor Vehicles, Defendant.

Civ. A. No. 13481.

United States District Court,
D. Connecticut.

Jan. 16, 1970.

Norman K. Janes (Tolland-Windham Legal Assistance Program, Inc.), Willimantic, Conn., for plaintiffs.

Stephen O'Neill, Asst. Atty. Gen., State of Connecticut, Hartford, Conn., for defendant.

CLARIE, District Judge.

## RULING ON PLAINTIFFS' MOTION FOR A THREE-JUDGE COURT

This action, on behalf of the plaintiffs and others similarly situated, was commenced pursuant to 42 U.S.C. § 1983. It requests the convening of a three-judge court, 28 U.S.C. §§ 2281, 2284, to test

the constitutional validity of the Connecticut Motor Vehicle Financial Responsibility Act, Conn.Gen.Stat. § 14–113 et seq. and seeks a declaratory judgment with permanent injunctive relief declaring that the aforesaid state law is unconstitutional. It requests that the injunctive order issued should restrain the defendant from suspending the rights of the plaintiffs and others in the class they represent to operate and register motor vehicles and that it cause the reinstatement of their full rights to operate and register motor vehicles in this State.

The plaintiffs claim that the challenged statute, both on its face and as applied and interpreted by the defendant, denies to them and the class they represent substantive and procedural due process of law and the equal protection of the law guaranteed and protected by the Fourteenth Amendment to the Federal Constitution. They also claim that this law constitutes a bill of attainder. The Court finds all of their claims to be without legal merit and accordingly dismisses the action.

The facts alleged in the plaintiffs' complaint will be assumed to be admitted for the limited purposes of this opinion, notwithstanding the fact that the defendant would contest their validity, in part at least, were the case to be tried on its merits. The plaintiffs, Phillip Faron, John L. Latham, and Rachel O. Greene, were each involved in separate and unrelated automobile accidents on January 6, 1969, March 9, 1966 and April 24, 1969 respectively. In each such accident there was damage to the property of a third person in excess of two hundred dollars. None of the plaintiffs had liability insurance, nor did any of them come within the exceptions of Conn.Gen.Stat. § 14–119 which would exclude them from filing financial security. Under the circumstances, the provisions of § 14–117 required each of them to deposit security with the Commissioner of Motor Vehicles, sufficient to "satisfy any judgment or judgments for damages * * *," which might be re- covered against them. Their failure to comply with the law obligated the Commissioner to suspend their respective operator's licenses and motor vehicle registrations.

Each of the plaintiffs has denied fault in the causing of the accident he or she was involved in and the question of legal liability as to each has yet to be resolved. Due to their alleged inadequate financial means, none of the plaintiffs has posted the required security. All have had their operating and registration privileges suspended pursuant to the challenged statutes.

This Court previously ruled on substantially the same issues brought by the same counsel, acting for the Tolland-Windham Legal Assistance Program, Inc., Perez v. Tynan, 307 F.Supp. 1235 (1969). In Perez the Court dismissed the complaint on the grounds that the plaintiffs' claims of unconstitutionality were without merit. Subsequently, this case was cited by the majority of a three-judge court in the Northern District of Georgia in denying injunctive relief against the enforcement of a Georgia statute similar to the Connecticut statute here in question. Roberts v. Burson, 322 F.Supp. 380 (Filed Sept. 15, 1969). See also Llamas v. Department of Transportation, 320 F.Supp. 1041 (1969), where a unanimous three-judge court in the Eastern District of Wisconsin dismissed a similar complaint.

An analogous situation was presented to a three-judge court in MacQuarrie v. McLaughlin, 294 F.Supp. 176 (D.Mass. 1968). Plaintiff had loaned his automobile to another, on which he had no property damage insurance. The driver was involved in an accident in which the property of a third party was damaged. A judgment for the damage was entered against both the driver and the plaintiff-owner. While the latter was not found to have been negligent in any way, his liability stemmed from a Massachusetts statute which establishes a prima facie case that the driver of a car

on a Massachusetts highway is the agent of the owner. The driver's license of the plaintiff-owner was subsequently revoked, pursuant to state law, after the judgment remained unsatisfied for sixty days. Plaintiff contended that:

" * * * since he was without personal negligence * * * 'section 22A (Mass.Gen.Law c. 90, § 22A, the section pursuant to which he lost his license) bears no relation to public safety and by its terms operates unreasonably to discriminate against the poor, thus constituting a denial of the equal protection of the laws and due process of law." MacQuarrie v. McLaughlin, *supra* at 178.

The statute was also alleged to be void as a bill of attainder. The Court unanimously dismissed the complaint stating:

"Actors who are relatively innocent may find themselves liable not only for civil consequences where strong public policy is involved, but for forfeitures against which they have no opportunity to defend at all." *Id.* at 178.

The Supreme Court affirmed, per curiam, 394 U.S. 456, 89 S.Ct. 1224, 22 L. Ed.2d 417 (1969).

*Perez* was appealed, but while the matter was pending the plaintiffs had their operating and registration privileges reinstated in due course. For this reason the appeal was dismissed as moot. The plaintiffs are now apparently seeking, through this action, to obtain an appellate ruling on the issues.

The Court reaffirms its reasoning in *Perez* and finds no constitutional validity to the claims raised, which were adjudicated in the prior case. The only new claim presented, not raised in *Perez*, is the claim that this state statute constitutes a bill of attainder in violation of Art. I, § 10 of the Federal Constitution, and that it penalizes uninsured drivers without any safeguards of the judicial process. This claim is without merit.

"A bill of attainder is a legislative act which inflicts punishment without a judicial trial." Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 323, 18 L.Ed. 356 (1866).

"Each time a statute has been challenged as being in conflict with the constitutional prohibitions against bills of attainder * * *, it has been necessary to determine whether a penal law was involved, because these provisions apply only to statutes imposing penalties. In deciding whether or not a law is penal, this Court has generally based its determination upon the purpose of the statute. If the statute imposes a disability for the purposes of punishment—that is, to reprimand the wrongdoer to deter others, etc., it has been considered penal. But a statute has been considered nonpenal if it imposes a disability, not to punish, but to accomplish some other legitimate governmental purpose. The Court has recognized that any statute decreeing some adversity as a consequence of certain conduct may have both a penal and a nonpenal effect. The controlling nature of such statutes normally depends on the evident purpose of the legislature." Trop v. Dulles, 356 U.S. 86, 95–96, 78 S.Ct. 590, 595–596, 2 L.Ed.2d 630 (1958).

Connecticut had a legitimate governmental purpose in enacting this legislation, i. e., to keep financially irresponsible drivers off the road.

"The purpose of the legislature in enacting the financial responsibility provisions of the motor vehicle law was to keep off our highways the financially irresponsible owner or operator of an automobile who cannot respond in damages for the injuries he may inflict, and to require him, as a condition for securing or retaining a registration or an operator's license, to furnish adequate means of satisfying possible claims against him. It is remedial legislation and must be given a construction sufficiently liberal to accomplish its purpose." Dempsey v. Tynan, 143 Conn. 202, 208, 120 A.2d 700, 703 (1956).

The restrictions imposed by the challenged statute, based as they are on a legitimate governmental purpose, are not designed to punish, but rather they are an integral part of a permissible regulatory scheme of administrative control, and as such, no bill of attainder can be said to exist.

The plaintiffs' claims of unconstitutionality are without merit. No substantial federal constitutional question has been raised for adjudication; therefore the plaintiffs' application for the convening of a three-judge court is denied and the action is ordered dismissed. So ordered.