STATE OF HAWAII, Plaintiff-Appellant, *v.* ROBERT
TAYLOR RUSSELL and LAWRENCE FREDERICK
CARLSON, Defendants-Appellees

NO. 7125

SEPTEMBER 16, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

OPINION OF THE COURT BY LUM, J.

This appeal involves the statutory interpretation of Hawaii's New Penal Code (New Code) and its application to an offense triable under Hawaii's Pre-Penal Code (Old Code); it also involves the statutory interpretation of Hawaii's detainer agreement, under chapter 834, HRS. The circuit court had dismissed an indictment charging both defendants, Robert Taylor Russell and Lawrence Frederick Carlson, with two counts of obtaining money under fraudulent and false pretenses under HRS § 750-21 (Old Code). The court had ruled that the statute of limitations of the New Code barred prosecutions of both defendants, and that a violation of the detainer agreement by the State against Defendant Carlson also required a dismissal of his case with prejudice. The State of Hawaii has appealed the court's ruling and raises the question of whether the trial judge was correct in his interpretation of the applicable statutory provisions of the New Code and the detainer agreement. We have carefully examined these provisions of law and have come to the conclusion that the trial judge was incorrect. We therefore reverse.

I.

During the period between November 28, 1972 to February 26, 1973, defendants are accused of having committed false representations and pretense to fraudulently obtain from THC Financial Corporation approximately $800,000. It was during this period, on January 1, 1973, that the New Code became law. After February 26, 1973, defendants concede they have been continuously absent from this State.

The indictment was not returned against defendants until March 22, 1978, more than five years after their departure.

Defendant Carlson was a federal prisoner at Lompoc Federal Correctional Institution at the time of his indictment. The

prosecuting attorney was not aware of his presence there. He wrote the following letter to the institution on March 30, 1978:

Lompoc Federal Correctional Institution
Lompoc, California 93436

Dear Sir:

Re: State of Hawaii *v.* Lawrence Frederick Carlson
Criminal No. 51119
Counts I and II: False Pretense

The Oahu Grand Jury returned an indictment against the above-named Defendant on March 22, 1978 for two counts of False Pretense, which involved fraudulently obtaining possession of money in excess of $800,000.00. A bench warrant was issued and remains unserved.

Please advise us if subject Defendant is incarcerated at your facility. If so, this office is prepared to file a Writ of Habeas Corpus Ad Prosequendum to bring Defendant Carlson back to this jurisdiction for arraignment and plea, and subsequently for trial.

Your early response to this inquiry would be much appreciated.

Very truly yours,
/s/ Togo Nakagawa
Togo Nakagawa
Prosecuting Attorney

The institution did not reply until May 30, 1978, but before that date, the prosecutor had learned of Carlson's imprisonment at Lompoc. The prosecutor immediately applied for and obtained from the court a Writ of Habeas Corpus Ad Prosequendum, which was then served on the U.S. Marshal in this State.

On the basis of the writ, Defendant Carlson was returned to Hawaii, and on June 7, 1978, he entered a plea of not guilty. The following day, he was returned to Lompoc without being tried.

## II.

We first take up the issue of whether the statute of limitations had actually expired to bar prosecution of the defendants.

Defendants are required to be prosecuted under the Old Code.[1] The statute of limitations of the Old Code[2] does not bar prosecution of "any person who absents himself from the State."

Turning to the New Code, we find that § 701-101(2) provides in part:

(2) In any case pending on or commenced after the effective date of this Code, involving an offense committed before that date:

(a) Upon the request of the defendant a *defense* or mitigation *under this Code*, whether specifically provided for herein or based upon the failure of the Code to define an applicable offense, *shall apply*; . . . .
(Emphasis added.)

The New Code then defines "defenses·":

§ 701-115 *Defenses*. (1) A defense is a fact or set of facts which negatives penal liability.

---

[1] HRS § 701-101 *Applicability to offenses committed before the effective date.* (1) Except as provided in subsections (2) and (3), this Code does not apply to offenses committed before its effective date. Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Code were not in force. For purposes of this section, an offense is committed before the effective date if any of the elements of the offense occurred before that date.

[2] HRS § 707-1 *Two years; exceptions.* No person shall be prosecuted for any offense under the laws of the State, except murder in the first and second degrees, manslaughter, rape, assault with intent to ravish, carnal abuse of a minor under the age of twelve years, kidnapping, arson in the first and second degrees, burglary in the first and second degrees, forgery, robbery in the first and second degrees, larceny in the first degree, giving, promising, or receiving a bribe, extortion in the first and second degrees, compounding an offense punishable by imprisonment for life, and embezzlement, unless the prosecution for the offense is commenced within two years next after the commission thereof. *Nothing herein contained shall bar any prosecution against any person who* flees from justice, or *absents himself from the State,* or so secretes himself that he cannot be found by the officers of the law, so that process cannot be served upon him. (Emphasis added.)

In their motion to dismiss, defendants requested the application of the New Code statute of limitations under § 701-108³ as a "defense."

Specifically, they were able to convince the trial judge that New Code § 701-108(6)(a) applied as a "defense" to their case. The ingenuity of defense resulted in the application of part of the statute of limitations of the Old Code and part of the New Code. In effect, the two-year running limitation of

---

³ HRS § 701-108 *Time limitations*. (1) A prosecution for murder may be commenced at any time.

(2) Except as otherwise provided in this section and in section 707-740, prosecutions for other offenses are subject to the following periods of limitation:

(a) A prosecution for a class A felony must be commenced within six years after it is committed;

(b) A prosecution for any other felony must be commenced within three years after it is committed;

(c) A prosecution for a misdemeanor or a parking violation must be commenced within two years after it is committed;

(d) A prosecution for a petty misdemeanor or a violation other than a parking violation must be commenced within one year after it is committed.

(3) If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:

(a) Any offense an element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this provision extend the period of limitation otherwise applicable by more than three years; and

(b) Any offense based on misconduct in office by a public officer or employee at any time when the defendant is in public office or employment or within two years thereafter, but in no case shall this provision extend the period of limitation otherwise applicable by more than three years.

(4) An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.

(5) A prosecution is commenced either when an indictment is found or an information filed, or when an arrest warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay.

(6) *The period of limitation does not run:*

(a) *During any time when the accused is continuously absent from the State or has no reasonably ascertainable place of abode or work within the State, but in no case shall this provision extend the period of limitation otherwise applicable by more than three years;* (Emphasis added) or

(b) During any time when a prosecution against the accused for the same conduct is pending in this State.

the Old Code was used for the offense of false pretense[4] and the three-year tolling limitation of the New Code was used to cover defendants'. absence from this State. Such an application limited the prosecutable period to five years; thus, the court was able to find that the statute had expired by 24 days before the indictment was returned to justify his dismissal of the indictment.

Defendants argue that they are entitled to use any "defense" as provided by the New Code. We do not disagree, but we do not see that as the issue. The central issue is whether the statute of limitations of the New Code is applicable to the instant case. If it is not, then its three-year tolling limitation cannot be applied as a "defense"; in which case the unlimited tolling provision of the Old Code must govern.

Statutes of limitations are acts of grace conferred by the sovereign which limit its right to prosecute criminal offenders. *State v. Hickman*, 189 So.2d 254 (Fla. 1966); *Commonwealth v. Howard*, 289 A.2d 223 (Pa. 1967); *Vasquez v. State*, 557 S.W.2d 779 (Tex. 1977); *Cunningham v. District Court of Tulsa County*, 432 P.2d 992 (Okl.Cr. 1967).

In its adoption of the statute of limitations of both the old and new codes, the Hawaii legislature constructed a statute which first sets out the periods of limitation for various offenses; it then sets out certain exceptions — the circumstances in which the limitation periods are to be tolled.

Therefore, the statute of limitations is simply a rule of law with certain exceptions created by the legislature. The rule and its exceptions are a cohesive unit; they are reasonably related and represent a scheme by the legislature to carry out its wisdom of legislative grace. The exceptions are part of the rule and do not operate independently from the rule.

Defendants argue that the statute permits them to use the exception of the New Code as a "defense." We disagree. The

---

[4] We agree with defendants that the two-year statute of limitations is applicable. We do not find merit in the State's argument that the crime of false pretense has the same statute of limitations as larceny.

importation of exceptions into statutes properly affected with a public interest is not lightly to be made. *MacQuarrie v. McLaughlin*, 294 F.Supp. 176 (D.C. Mass. 1968), *aff'd.* 394 U.S. 456 (1969); *Hall v. Corporation of Catholic Archbishop of Seattle*, 80 Wash.2d 797, 498 P.2d 844 (1972). Statutes are to be construed with reference to the whole system of law of which they form a part. *State v. Millette*, 112 N.H. 458, 299 A.2d 150 (1972).

It is a well settled rule of statutory construction that exceptions to legislative enactments must be strictly construed. *Schlemmer v. Buffalo R. & P. Ry.*, 205 U.S. 1 (1907); *Canadian Pac. Ry. v. United States*, 73 F.2d 831 (9th Cir. 1934); *State v. Christensen*, 18 Wash.2d 7, 137 P.2d 512 (1943); *City of Winfield v. Board of County Commissioners*, 205 Kan. 333, 469 P.2d 424 (1970); *Emporia Township v. Williams*, 149 Kan. 860, 89 P.2d 919 (1939); *State v. Ricke*, 160 N.W.2d 499 (Iowa 1968); *see also Insurance Co. of North America Cos. v. Sullivan*, 56 Wash.2d 251, 352 P.2d 193 (1960). One who claims the benefit of such an exception has the burden of bringing himself clearly within it. *Rheem Manufacturing Co. v. Rheem*, 295 F.2d 473 (9th Cir. 1961); *Walling v. Reid*, 139 F.2d 323 (8th Cir. 1943); *Barlow v. Story*, 120 Ga. App. 48, 169 S.E.2d 660 (1969); *State v. Ricke, supra;* 2 F. Horack, Jr., Statutes and Statutory Construction § 4936 (3d ed. supp. 1972).

Defendants argue, and we concur, that the offense of false pretense for which they stand indicted is not covered by the New Code. It is for this reason that the statute of limitations of the New Code does not cover the offense of the instant case. Without such coverage, the exception suffers the same fate and cannot serve as a "defense."

For the foregoing reasons, we find that the trial court erred in ruling that the three-year tolling provision of the New Code can be applied to the two-year limitation period of the Old Code. We hold that § 707-1 of the Old Code is the only statute of limitations to be used in this case and because of defendants' absence from the State, their prosecutions are not barred.

We believe that the construction we have adopted complies with § 701-104[5] of the New Code.

### III.

The trial judge dismissed the indictment against Carlson with prejudice, holding that the Agreement on Detainers, HRS chapter 834, had been violated. He ruled that under Article IV(e),[6] the State was required to try Carlson before returning him to Lompoc.

The State now contends that the trial judge was in error to construe the prosecutor's letter as a detainer. It argues that Carlson was returned to Hawaii via the writ of habeas corpus, which was an alternative procedure to the detainer law for his return. We agree with the State.

The detainer agreement is a model developed by the Council of State Governments. Standing Committee Report No. 426, Senate Journal at 1012-13 (1965). A reading of the Rules, Regulations, and Forms used under the Agreement on Detainers convinces us that a detainer is actually a request for temporary custody. It is directed to the head of the institution, advising him that the inmate is under a criminal charge. The head of the institution is also informed of the specific offense involved by the inmate, the prosecution's proposal to bring the inmate for trial and the specific request for tempo-

---

[5] § 701-104 *Principles of construction.* The provisions of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of the words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.

[6] Article IV(e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

rary custody of the inmate in accordance with IV(a)[7] of the agreement. To complete the report, the appropriate judge must have approved, recorded and transmitted the request.

Lacking all of the foregoing requirements, we find that the letter was not a detainer and that the trial judge was in error to dismiss the indictment against Defendant Carlson.

Reversed and remanded for action consistent with this opinion.

*David H. White (Stephen M. Okano* on the briefs, *Okano, Noguchi* and *Wong* of counsel), Special Deputy Prosecuting Attorneys, for plaintiff-appellant.

*Michael A. Weight, Weight* and *Ellsworth* of counsel, for defendant-appellee Russell.

*Philip D. Bogetto* for defendant-appellee Carlson.

---

[7] Article IV(a)  The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated; *provided that the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request;* and provided further that there shall be a period of thirty (30) days after receipt by the appropriate authorities before the request be honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner. (Emphasis added.)